DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Earl J. Gropp appeals from the Lorain County Court of Common Pleas' decision designating him to be a sexual predator. We affirm.
On November 20, 1996, the appellant was indicted for five counts of gross sexual imposition, and three counts of felonious sexual penetration. The crimes occurred over a two-year period starting when the victim was approximately nine years old. On March 11, 1997, the appellant entered pleas of guilty to all counts in the indictment and was later sentenced to concurrent prison terms.
On March 17, 1997, a hearing was held to determine whether the appellant should be classified as a sexual predator pursuant to R.C. 2950.09. A "sexual predator" is one who has been "convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). After reviewing the record and hearing testimony from the investigating officer, the trial court concluded that the appellant should be classified as a sexual predator and should be subject to registration and community notification requirements upon his release from prison. See R.C. 2950.02 et seq.
The appellant has appealed the trial court's finding. He raises six assignments of error for our review.
 ASSIGNMENT OF ERROR I
Appellant was denied effective assistance of trial counsel.
In his first assignment of error, the appellant contends that his trial counsel was ineffective due to his failure to challenge the constitutionality of the sexual predator law. In order to demonstrate a claim for ineffective assistance of trial counsel, the appellant must demonstrate that: (1) the performance of defense counsel was flawed and seriously deficient; and (2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. See Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, 693.
Generally, an appellate court need not consider an error which counsel for a party could have raised in the trial court, but did not do so. State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus. However, where a party fails to assert the unconstitutionality of a state statute at trial, the reviewing appellate court may consider a waived constitutional challenge in specific cases of plain error or where the rights and interests involved may warrant it. See State v. Awan (1986),22 Ohio St.3d 120, 123-24; Crim.R. 52(B). In our review, infra, of the appellant's other assignments of error under these circumstances, we do not find the sexual predator law to be unconstitutional. Therefore, the failure of appellant's trial counsel to raise objections to the sexual predator law would not have changed the outcome of the hearing.
Because the appellant has not suffered any prejudice due to his trial counsel's actions, the appellant has failed to prove that he was denied effective assistance of counsel. The first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
The trial court erred to the prejudice of appellant when it failed to find O.R.C. 2950.09 unconstitutional as an ex postfacto law and as being contrary to the Double Jeopardy Clauses of the U.S. and Ohio Constitutions and being contrary to statute, O.R.C. 1.58.
 A. Ex Post Facto and Retroactivity Challenge
In order to fall within the ex post facto prohibition, a law must be retrospective and it must disadvantage the offender affected by it "by altering the definition of the criminal conduct or increasing the punishment for the crime." Lynce v. Mathis
(1997), ___ U.S. ___, 137 L.Ed.2d 63, 72. Ohio's sexual predator statutes, R.C. 2950.01 et seq., were the enactment of H.B. 180 and became effective January 1, 1997. A defendant may be adjudicated as being a sexual predator even if he or she was convicted of or pleaded guilty to a sexually oriented offense prior to the effective date of the statutes if the defendant was not sentenced until after the effective date, or if the defendant was still serving a term of imprisonment after the effective date. See R.C.2950.09(C)(1). In this case, the appellant pleaded guilty after the effective date of the statutes, but he was indicted prior to the effective date. He maintains that this was violative of his constitutional rights.
This Court has previously reviewed whether the sexual predator statutes violate the prohibition against the enactment ofex post facto laws in State v. Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported. See, also, State v. Cardona (Mar. 4, 1998), Lorain App. No. 97CA006729. Concerning the federal challenge, we stated that:
 we conclude that the registration and notification requirements neither alter the definition of criminal conduct nor increase the punishment for the crime, and hence do not constitute an ex post facto law prohibited by the Federal Constitution.
Kimble at 6. See Artway v. Attorney Gen. (C.A. 3, 1996),81 F.3d 1235, 1253-67.
We also found that the sexual predator law did not violate the retroactivity provisions of the Ohio Constitution.
 Since [the defendant] had no reasonable expectation that his felonious conduct would never thereafter be made the subject of legislation, no new disability was attached to any past transaction or consideration within the meaning of the Ohio Constitution's prohibition of retroactive laws.
Kimble at 12. Other courts that have reviewed this matter have also come to the same conclusion. See, e.g., State v. Lyttle
(Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, 1997 Ohio App. LEXIS 5705; State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported, 1997 Ohio App. LEXIS 5602. The appellant's claim that the sexual predator statutes are an unconstitutional application of an ex post facto or retroactive law is without merit.
 B. Double Jeopardy
The Double Jeopardy Clause prohibits "multiple punishments for the same offense." United States v. Halper (1989),490 U.S. 435, 440, 104 L.Ed.2d 487, 496. The appellant asserts that the sexual predator laws violate the Double Jeopardy Clauses of the United States and Ohio Constitutions because he believes that they impose multiple and new punishments for the same offense.
Again, we do not agree, as we have already held that the sexual predator law does not constitute a criminal punishment. See Kimble, supra, at 7-11. The United States Supreme Court has just recently declined review of a New Jersey decision that determined that New Jersey's "Megan's Law,"[1] which is similar to Ohio's sexual predator law, did not constitute punishment for purposes of the Ex Post Facto and Double Jeopardy Clauses. See E.B. v. Verniero (C.A. 3, 1997), 119 F.3d 1077,1092-1105, certiori denied, W.B. v. Verniero (Feb. 23, 1998), U.S.L.W. 97-887. In upholding the constitutionality of the registration and notification requirements for sexual offenders, the Third Circuit stated:
 The direct effects of Megan's Law clearly do not rise to the level of extremely onerous burdens that sting so severely as to compel a conclusion of punishment.
Id. at 1102. The court further concluded that the indirect effect of the law was not "sufficiently burdensome to require classification of the law as punitive." Id. at 1105.
The Ohio General Assembly expressly declared that the exchange or release of information about sexual predators was intended to assure the protection of the public and was not punitive. R.C. 2950.02(B). This Court has found that "the possible effects of the notification and registration provisions [are] `not so punitive in fact that the law cannot be viewed as regulatory and non-punitive in nature.'" Kimble, at 10-11, quoting State v. Lyttle, supra. The First District, in a detailed analysis, concluded:
 [i]n summary, there is little evidence, much less the clearest proof required, suggesting that R.C. Chapter 2950 is so punitive in form and effect as to render it criminal punishment despite the General Assembly's intent to the contrary. In light of the deference due to the legislative judgment whenever measures are challenged on the basis of the Ex Post Facto and Double Jeopardy Clauses, we cannot conclude that R.C. Chapter 2950 imposes punishment as that term is employed in applying the Ex Post Facto and Double Jeopardy Clauses. Since the statutory scheme of adjudication, registration, verification, and notification found in R.C. Chapter 2950 is not punitive, the appellants' adjudications as sexual predators do not violate the Ex Post Facto
and Double Jeopardy Clauses of the federal and state constitutions.
 State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282 C-970283, unreported, 1998 Ohio App. LEXIS 481, *55.
Based on the foregoing, we do not find any violation of the Double Jeopardy Clause in Ohio's sexual predator law.
 C. Ohio Revised Code 1.58
The appellant further argues that his classification as a sexual predator under R.C. 2950.09 violates R.C. 1.58(A)(3) and (4) as it affects pre-existing conditions.[2] As noted above, the sexual predator law does not impose punishment, nor is it retroactive. See, also, State v. Ramsey (Dec. 22, 1997), Clermont App. No. CA97-03-025, unreported, 1997 Ohio App. LEXIS 5708, at *3. R.C. 2950.09 does not attach new consequences to old events, rather, it regulates current conditions and ongoing events. R.C. 2950.09 operates prospectively after January 1, 1997, to determine the offender's future propensity to reoffend. The ultimate goal is to aid law enforcement and forewarn persons of that propensity so that they may take preventative measures in the future.
This Court rejects the appellant's argument that his adjudication as a sexual predator violates R.C. 1.58(A). The appellant's second assignment of error is without merit and is overruled.
 ASSIGNMENT OF ERROR III
The trial court erred to the prejudice of the appellant when it failed to find O.R.C. 2950.09 to be an unconsitutional [sic] denial of due process, equal protection and fundamental fairness of the law.
The appellant states that R.C. 2950.09 is a violation of the Equal Protection Clause because it treats defendants who are serving a term of imprisonment for a sexually oriented offense in a state correctional institution on or after January 1, 1997, differently from those who were no longer in custody after that date. See R.C. 2950.09(C)(1).[3] The appellant acknowledges that, generally, when legislation treats categories of people differently, there is no denial of equal protection if there is a rational basis for the classification. The appellant, however, contends that the strict scrutiny test should be applied in the present circumstances because he believes that being adjudicated a sexual predator impinges upon a fundamental liberty interest.
Under the Equal Protection Clause, classifications not involving a suspect or quasi-suspect class, or impacting certain fundamental constitutional rights, need only be rationally related to a legitimate government goal. Sexual predators are not a suspect or quasi-suspect class, and their adjudication as such does not implicate a fundamental constitutional right for which the Supreme Court has granted heightened equal protection scrutiny. Artway v. Attorney Gen., at 1267. See, also, Chapmanv. United States (1991), 500 U.S. 453, 465,114 L.Ed.2d 524, 538 (applying rational basis test to classification based on nature of offense).
It is well-settled law that classifying offenders according to the offense committed is subject to a rational basis analysis.City of Cleburne (1985), 473 U.S. 432, 439, 772-76. Moreover, a separate classification for repetitive and compulsive sex offenders is not arbitrary and has a rational basis. See Doe v.Poritz (N.J. 1994), 662 A.2d at 367, 414. The General Assembly had a practical and rational basis for focusing on sex offenders because of their relative high recidivism rates.
Laws must have a beginning point and an effective date. "[T]he Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time." Sperry Hutchinson Co. v.Rhodes (1911), 220 U.S. 502, 505, 55 L.Ed. 561, 563. To be sure, some sexual predators will likely be missed because of the decision to limit the law to those currently "in the system." However, perfection is not required in drawing classifications. See Dandridge v. Williams (1970), 397 U.S. 471, 485,25 L.Ed.2d 491, 501-02. A law is not unconstitutional because it makes rough accommodations in light of practical considerations. Id. It does not violate equal protection to focus on sex offenders, nor does it violate equal protection for the General Assembly to classify offenders based on the date of their release from prison or other confinement.
The appellant also contends that this statute denies him due process of law because it improperly provides for a burden of proof, i.e., clear and convincing evidence, that is impermissibly lower than proof beyond a reasonable doubt, which is the standard applied in all other criminal proceedings. First, we note that a sexual predator adjudication is a civil proceeding that is separate from the criminal proceeding in which a defendant is convicted and sentenced. See E.B. v. Verniero, 119 F.3d at 1111. The Third Circuit has determined that "the Due Process Clause requires that the state prove its case by clear and convincing evidence in a [sexual predator] proceeding." Id. The clear and convincing evidentiary standard has been described as:
 that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
Cross v. Ledford (1954), 161 Ohio St. 469, 477. Because a sexual predator adjudication is a civil procedure, the degree of proof necessary to find criminal guilt is not necessary.
The appellant also attempts to raise several other equal protection and due process arguments concerning alleged potential constitutional violations of various aspects of the sexual predator statutes. However, the issues raised do not currently pertain to the appellant and his adjudication as a sexual predator. Therefore, we need not address these matters as the appellant does not have standing or the issues are not yet ripe. See, e.g., Artway v Attorney Gen., 81 F.3d at 1249.
The appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
The trial court erred to the prejudice of appellant when it failed to find O.R.C. 2950.09 to be unconstitutionally vague, thereby denying appellant due process of law.
In his fourth assignment of error, the appellant charges that R.C. 2950.09(B) and (C) should be "void for vagueness" because they allegedly fail to provide specific guidance to courts in determining whether or not an inmate is a sexual predator.
A trial court cannot determine an offender to be a sexual predator unless, upon notice to the offender and his prosecutor, it holds a hearing. See R.C. 2950.09(C)(2). At such a hearing, the offender and prosecutor have the opportunity to testify, present evidence, and call, examine, and cross-examine witnesses and expert witnesses regarding the determination of whether the offender is a sexual predator. Id.; R.C. 2950.09(B)(1). In making the determination, the judge is to consider:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which the sentence [was] imposed;
 (d) Whether the sexually oriented offense for which sentence [was] imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence [was] imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2) and 2950.09(C)(2).
A statute may be considered invalid when it is "so vague that men of common intelligence must necessarily guess at its meaning."Connally v. General Const. Co. (1926), 269 U.S. 385, 391,70 L.Ed. 322, 328. A statute is not impermissibly vague merely because there is the possibility that different fact-finders might reach different results based upon the same evidence. Smith v. UnitedStates (1977), 431 U.S. 291, 308-309, 52 L.Ed.2d 324, 340.
We agree with the courts that have already reviewed this identical issue and found that R.C. 2950.09(B) and (C) were not unconstitutionally vague. See, e.g., State v. Chappell (Feb. 24, 1998), Franklin App. Nos. 97APA04-543 and 97APA05-636, unreported, 1998 Ohio App. LEXIS 805, at *9-13; State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, C-970283, unreported, 1998 Ohio App. LEXIS 481, at *16-24; State v. Ramsey,supra, at *5-7. The First District Court of Appeals found that the statute was drafted with sufficient precision to provide adequate standards:
 Each case under R.C. 2950.09 is factually based, and the factors give the court the flexibility necessary to determine whether an offender is a sexual predator on a case-by-case basis. The factors may be weighed either in favor of or against the offender being classified as a sexual predator depending on the facts of the case. Nevertheless, the factors are specific enough when considered with the other provisions of R.C. Chapter 2950 to provide the court with minimal guidelines. They do not permit a "standardless sweep" that allows the court to pursue its own "personal predilections." (Citations omitted.)
State v. Lance, supra, at *24. See, also, Artway v. AttorneyGen., 81 F.3d at 1269-70.
The appellant also complains that the statute fails to identify the party bearing the burden of proof. This contention is meritless. The statute specifically states that a defendant's "sexual predator" status must be shown by "clear and convincing evidence." R.C. 2950.09(B)(3) and (C)(2). In this regard, the party who has the interest in showing that a defendant is a "sexual predator" is obviously the state. See State v. Chappel,supra, at *13. See, also, E.B. v. Verniero, 119 F.3d at 1107-11. As such, the sexual predator law is not unconstitutionally vague on this basis.
The appellant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR V
The trial court erred to the prejudice of appellant when it failed to find O.R.C. 2950.09 violated appellant['s], as well as appellant's family['s], right of privacy.
The fifth assignment of error contends that the sexual predator classification and community notification provisions unconstitutionally violate fundamental privacy rights and improperly infringe upon the right to travel and freedom of association. The appellant also complains that friends and family members may be subject to public ridicule and scorn because of "guilt by association."
The right to privacy has not been held to be a fundamental right other than in the context of marital, sexual, and reproductive matters. State v. Boeddeker (Feb. 13, 1998), Hamilton App. No. C-970471, unreported, 1998 Ohio App. LEXIS 480, *6-7, citing Albright v. Oliver (1994), 510 U.S. 266, 271-72,127 L.Ed.2d 114, 122. Courts have not found violations of the right to privacy in the sense of damage to the reputation to be the type of fundamental interest that would trigger the high standard of strict scrutiny. Id. at *7. In applying a rational-basis test to this challenge, other courts that have addressed the subject have upheld the constitutionality of the sexual predator statute in this regard. See id.; State v. Lance, supra, at *29.
The need to protect the public from sex offenses is unquestionably a legitimate state interest. See Artway v.Attorney Gen., 81 F.3d at 1267-68; R.C. 2950.02(A)(2). The legislature made specific declarations concerning this subject in R.C. 2950.02(A), including:
 (5) A person who is found to be a sexual predator or a habitual sex offender has a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government.
 (6) The release of information about sexual predators and habitual sex offenders to public agencies and the general public will further the governmental interests of public safety and public scrutiny of the criminal and mental health systems as long as the information released is rationally related to the furtherance of those goals.
Furthermore, in balancing the interests involved, it is difficult to see where an adjudicated sexual predator's limited right of privacy would be violated since most of the information required by the registration requirement is already available to the public. See State v. Boeddecker at *7; State v. Lance at *26.
As to the claims concerning his family and friends, the appellant does not have standing to assert the privacy rights of other persons. Moreover, as part of the constitutional "case or controversy" mandate, parties are required to suffer injury or come into immediate danger of suffering an actual injury before challenging a statute. U.S.C.A. Const. Art. 3, Sec. 2, cl. 1;Artway v. Attorney Gen., 81 F.3d at 1246. The appellant's speculative concerns about potential problems other people might conceivably encounter at some time in the future do not raise any reviewable issues for this Court.
The appellant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR VI
The trial court erred to the prejudice of appellant when it found the appellant to be a sexual predator even though no testimony was presented to show by clear and convincing evidence that appellant was likely to engage in the future in one or more sexually oriented offenses.
The appellant's final assignment of error complains that the evidence at his hearing failed to prove by clear and convincing evidence that he was likely to commit a sexually oriented offense in the future. The factors that he contends weigh in his favor are: he had no previous convictions for sex offenses; the offense involved only one victim; no drugs or alcohol were used to impair the victim; and there was no display of any threats or cruelty toward the victim. Again, we do not find the appellant's argument to be persuasive.
In making a determination as to whether a defendant should be classified as a sexual predator, the court must conduct a hearing and consider all relevant factors, including, but not limited to, a list of ten factors enumerated in the statute. See R.C.2950.09(B)(2) and (3). Two of the factors that were very relevant in this case concerned the age of the victim and the fact that the sexual conduct was part of a demonstrated pattern of abuse. R.C.2950.09(B)(2)(c) and (f). In addition, the tenth factor allows the court to consider "[a]ny additional behavioral characteristics that contribute to the offender's conduct." R.C.2950.09(B)(2)(j). After reviewing all the testimony and evidence presented at a hearing and taking into consideration the applicability of the enumerated factors, the judge must determine by clear and convincing evidence whether the offender is a sexual predator. See R.C. 2950.09(B)(3).
The enumerated criteria are simply guidelines for a court to consider, and there is no requisite number of factors that must be applicable before a defendant can be considered a sexual predator. Simply because certain factors may not apply to a particular defendant does not mean that he or she cannot be adjudicated a sexual predator.
The evidence before the trial court showed that the thirty-two year old appellant had repeatedly committed sexual offenses against a vulnerable, young child over a period of several years. Based upon the repetitive and continuing nature of the crime, and the age and helplessness of the victim, we do not find that the trial court erred in reaching its decision to classify the appellant as a sexual predator. The sixth assignment of error is overruled.
Finding no merit in any of the appellant's assignments of error, the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ LYNN C. SLABY
FOR THE COURT
BAIRD, J.
DICKINSON, J. CONCUR.
[1] Megan's Law was actually a series of bills enacted by the New Jersey legislature after seven-year-old Megan Kanka was abducted, raped, and murdered near her home. The man who confessed to these crimes lived across the street from Megan's family and had twice been convicted of sex offenses involving young girls. Megan's family, the local police, and the community were unaware of the accused murderer's history. Megan's Law has a three-tiered system of classification for sexual offenders, and requires released sex offenders to register with law enforcement officials who may, under certain circumstances, carry out community notification as to the whereabouts of these offenders. See E.B. v. Verniero (C.A. 3 1997), 119 F.3d 1077, 1081 and 1113, fn. 1. As of 1996, forty-nine states had adopted sex offender registration laws, and thirty-two states maintained some form of community notification program. Id. at 1081.
[2] R.C. 1.58 provides, in pertinent part, that the reenactment, amendment, or repeal of a statute does not affect: (3) any violation thereof or penalty, forfeiture, or punishment incurred prior to the amendment or repeal of the statute; or (4) any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment.
[3] R.C. 2950.09(C)(1) states, in part:
 If a person was convicted of or pleaded guilty to a sexually oriented offense prior to the effective date of this section, if the person was not sentenced for the offense on or after the effective date of this section, and if, on or after the effective date of this section, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. * * *