DECISION AND JUDGMENT ENTRY
John L. Young appeals the judgment entered by the Meigs County Common Pleas Court adjudging him a sexual predator under R.C.2950.01 et seq. Appellant assigns the following errors:
First Assignment of Error
 The trial court erred, in violation of the Ex Post Facto Clause of the United States Constitution, in finding Mr. Young to be a sexual predator. (Entry, Sept. 29, 1999.)
 Second Assignment of Error
 The trial court erred, in violation of the Cruel and Unusual Punishment Clauses of the Eighth Amendment to the United States Constitution, in finding Mr. Young to be a sexual predator. (Entry, Sept. 29, 1999.)
 Third Assignment of Error
 The trial court erred, in violation of the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, in finding Mr. Young to be a sexual predator. (Entry, Sept. 29, 1999.)
 Fourth Assignment of Error
 R.C. Chapter 2950, as amended by H.B. 180, provides no guidance as to how the factors in R.C. 2950.09(B)(2) are to be considered and weighed, rendering the law vague, in violation of the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. (Entry, Sept. 29, 1999.)
 Fifth Assignment of Error
 The trial court erred, in violation of Section 1, Article I of the Ohio Constitution, in finding Mr. Young to be a sexual predator, because Ohio's Sexual Predator Law is an invalid exercise of the police power and deprives individuals of their inalienable and natural-law rights. (Entry, Sept. 29, 1999.)
 Sixth Assignment of Error
 The trial court erred, in violation of the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution, in finding Mr. Young to be a sexual predator. (Entry, Sept. 29, 1999.)
 Seventh Assignment of Error
 Mr. Young was denied the effective assistance of counsel, a right secured by the Sixth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution, when counsel failed to raise issues that would have changed the outcome of the sexual predator proceedings, had the lower court applied the appropriate standards. (Criminal Case Docket and Transcripts, Case No. 90-CR-044.)
Finding no merit in any of these assignments of error, we affirm the judgment of the trial court.
 I.
In January 1991, a jury found appellant guilty of kidnapping in violation of R.C. 2905.01. Thereafter, the court conducted a hearing and found appellant guilty of a specification that he had previously been convicted of murder. The court sentenced appellant to serve 15 to 25 years in prison.
In February 1998, the trial court conducted a Chapter 2950 sexual predator hearing and found appellant to be a sexual predator. In State v. Young (Feb. 17, 1999), Meigs App. No. 98CA10, unreported, we remanded the case for a new hearing after determining that defense counsel had not been provided discovery before the hearing.
In September 1999, the court conducted a new hearing. The victim testified that she was kidnapped by appellant, held captive for approximately twelve hours and raped numerous times at knife point. The trial court found appellant to be a sexual predator based on appellant's prior criminal record, the nature of appellant's sexual contact with the victim, the demonstrated pattern of abuse and the cruelty displayed by appellant during the commission of the offense. Appellant timely appealed from this entry.
 II.
In his first assignment of error, appellant argues that the trial court erred in finding appellant to be a sexual predator as the finding is in violation of the Ex Post Facto Clause of the United States Constitution. In State v. Cook (1998), 83 Ohio St.3d 404, paragraph two of the syllabus, the Supreme Court of Ohio held that R.C. 2950.01(B)(1) does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution. Furthermore, appellant raised this assignment in his prior appeal where we overruled it. State v. Young (Feb. 17, 1999), Meigs App. No. 98CA10, unreported. Therefore, appellant's first assignment of error is meritless.
 III.
In his second assignment of error, appellant contends that R.C. Chapter 2950 violates the Cruel and Unusual Punishment Clauses of the Eighth Amendment of the United States Constitution and Section 9, Article I of the Ohio Constitution.[1] We disagree.
The Eighth Amendment of the United States Constitution and Section 9, Article I of the Ohio Constitution provide that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The prohibition against cruel and unusual punishment is only applicable if the government imposition is in the nature of punishment, and if the punishment is "grossly disproportionate to the severity of the crime." Ingraham v. Wright (1977),430 U.S. 651, 667, 51 L.Ed.2d 711, 97 S.Ct. 1401.
In Cook, supra at 423, the Ohio Supreme Court held that the registration and notification provisions of R.C. Chapter 2950 are not punitive in nature, but serve the remedial purpose of protecting the public. Therefore, the protections against cruel and unusual punishment are not implicated. See, e.g. State v.White (Nov. 5, 1999), Miami App. No. 98CA37, unreported; State v.Nuckols (Aug. 26, 1998), Wayne App. No. 97CA76, unreported.
Appellant's second assignment of error is overruled.
 IV.
We consider appellant's third, fourth, fifth and sixth assignments of error together. In his third assignment of error, appellant asserts that the trial court's determination that he is a sexual predator violates the Double Jeopardy Clauses of theFifth and Fourteenth Amendments of the United States Constitution and Section 10, Article I of the Ohio Constitution. In his fourth assignment of error, appellant argues that R.C. Chapter 2950 violates the Due Process Clauses of the Fourteenth Amendment of the United States Constitution and Section 16, Article I of the Ohio Constitution as there is no guidance in the chapter as to how the factors in R.C. 2950.09 (B) (2) are to be considered and weighed.
In his fifth assignment of error, appellant argues that the trial court violated Section 1, Article I of the Ohio Constitution because R.C. Chapter 2950 is an invalid exercise of the state's police power and deprives individuals of their inalienable and natural-law rights. Specifically, appellant argues that R.C. Chapter 2950 violates his right to privacy, interferes with his rights to acquire and protect property, and could be a hindrance to holding certain jobs or working freely in society. In his sixth assignment of error, appellant argues that the trial court violated the Equal Protection Clauses of theFourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution. Specifically, appellant contends that R.C. 2950.09(C)(1) violates the Equal Protection Clause as it treats inmates who were still imprisoned on the effective date of the statute differently than those who were released.
The Supreme Court of Ohio recently considered and rejected these same arguments in State v. Williams (2000), 88 Ohio St.3d 513, and held that R.C. Chapter 2950 is constitutional. Based upon the holdings in Williams, we overrule appellant's third, fourth, fifth and sixth assignments of error.
 V.
In his seventh assignment of error, appellant asserts he was denied effective assistance of counsel in violation of the Sixth
and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution. He argues that counsel was ineffective in failing to argue that finding appellant to be a sexual predator violated the Cruel and Unusual Punishment and Double Jeopardy Clauses as well as his due process and equal protection rights. Appellant argues that had counsel raised those issues and had the lower court applied the proper legal standards, the outcome of the sexual predator hearing would have been different.
To demonstrate ineffective assistance of counsel, the defendant must show "first," that counsel's performance was deficient' and, second, "that the deficient performance prejudiced the defense * * * so as to deprive the defendant of a fair trial." State v.Taylor (1997), 78 Ohio St.3d 15, 31, cert. denied, 522 U.S. 851,118 S.Ct. 143, 139 L.Ed.2d 90, quoting Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674,693.
In our review of appellant's previous assignments of error, we upheld the constitutionality of the sexual predator statute. Therefore, the failure of appellant's counsel below to raise objections to the sexual predator statute would not have changed the outcome of the hearing. Thus, appellant has suffered no prejudice due to his trial counsel's "omissions" and cannot establish that he was denied effective assistance of counsel.
Appellant's seventh assignment of error is overruled.
 VI.
Having found no merit in any of appellant's assignments of error, we affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
Abele, J. Evans, J.: Concur in Judgment and Opinion
 ________________________ William H. Harsha, Judge
[1] Initially, we note that appellant failed to raise this issue or those raised in the next four assignments of error before the trial court. Generally, an appellate court need not consider an error which counsel for a party could have raised in the trial court, but did not. State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus. However, where a party fails to assert the unconstitutionality of a state statute at trial, the reviewing appellate court may consider a waived constitutional challenge in specific cases of plain error or where the rights and interests involved may warrant it. See Statev. Awan (1986), 22 Ohio St.3d 120, 123-124; Crim.R. 52 (B). Therefore, we will consider appellant's assignments of error.