DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Michelle Ratkowski has appealed from her conviction for possession of marijuana in the Medina County Municipal Court. This Court affirms.
On November 13, 1998, Officer Daniel Warner of the Medina Police Department was on duty in a marked police car. At approximately 1:01 a.m., Officer Warner observed a vehicle operated by appellant proceeding northbound on Broadway with a broken headlight and initiated a traffic stop. Officer Warner approached the vehicle and learned that there was one passenger in the car. He then inquired of appellant as to whether she knew the headlight was broken. Officer Warner asked both women for their driver's licenses and indicated that he was going to run their information through the computer and issue a written warning for the headlight if the computer check did not reveal any problems. While doing the computer check on the two women, Officer Warner summoned a canine unit for a drug sniff.
Sergeant George Horton arrived at the scene a short time later. Sgt. Horton exited his vehicle and took his drug dog, Storm, to appellant's car. Officer Warner asked both women to exit the vehicle before Sgt. Horton took Storm over to appellant's vehicle. As Sgt. Horton escorted Storm around the car, the dog alerted at the passenger side door. Sgt. Horton then searched the vehicle and found a cigar tin containing the burnt end of a marijuana cigarette and marijuana seeds on the floor.
Appellant was charged with one count of possession of marijuana, in violation of Medina City Ordinance 513.03. Appellant pleaded not guilty and moved to suppress the evidence obtained during Sgt. Horton's search. The court in a written opinion denied appellant's motion to suppress. Upon the denial of her motion to suppress, appellant filed a motion to dismiss, which was also denied. Appellant then changed her plea to no contest. The trial court found her guilty and sentenced her accordingly.
Appellant has appealed, asserting two assignments of error.
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE WHERE THERE WAS AN UNREASONABLE DELAY BETWEEN THE DIFFUSING OF THE REASONABLE GROUNDS AND THE IMPLEMENTATION OF A DOG SNIFF SEARCH WHICH ALLEGEDLY LEADS TO PROBABLE CAUSE TO SEARCH.
It is undisputed that the vehicle that was owned and operated by appellant did not have two working headlights, as required by Medina City Ordinance 337.13. Therefore, the initial stop of the vehicle was valid. The issue is whether the delay between the initial stop of the vehicle and the implementation of the dog sniff was reasonable. Appellant's sole argument is that the trial court should have granted her motion to suppress because the period of time that her vehicle was detained before the dog sniff was performed was unreasonable. This Court disagrees.
This Court stated the standards for determining whether a stop is unreasonably long in State v. Carlson (1995), 102 Ohio App.3d 585, 598:
 An investigative stop may last no longer than is necessary to effectuate the purpose of the stop. In conducting an investigative stop for a traffic violation, an officer may detain a motorist for a period of time sufficient enough to issue a warning or citation. An officer may also run a computer check on the detained motorist's license, registration, and vehicle plates to ascertain compliance with state law. In determining if an officer completed these tasks within a reasonable length of time, the court must evaluate the duration of the stop in light of the totality of the circumstances and consider whether the officer diligently conducted the investigation.
(Citations omitted.).
Officer Warner stopped appellant at 1:01 a.m. After requesting appellant's driver's license and her passenger's identification, Officer Warner radioed the information to dispatch for a computer check and summoned a canine unit. Six minutes after the stop, at 1:07 a.m., Sgt. Horton arrived at the scene. Sgt. Horton led Storm to appellant's vehicle. Thereafter, Storm alerted to the odor of drugs. The alert was approximately fifteen minutes after appellant was initially stopped. Taking all these facts together, Officer Warner pursued his investigation in a diligent and reasonable manner, and nothing suggests that appellant was unreasonably or unnecessarily delayed.
In Carlson, this Court held that a nineteen-minute delay was not unreasonable. See Carlson, supra. This Court similarly concluded that a ten-minute delay under similar circumstances to this case was not unreasonable. State v. Poole (June 7, 1995), Medina App. No. 2336-M, unreported.
This Court finds that the period of time that appellant was detained was not unreasonable. This assignment of error is overruled.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS WHERE THE MANDATORY PENALTIES FOR POSSESSION OF MARIJUANA, MEDINA CITY ORDINANCE SECTION 513.03 VIOLATES APPELLANT'S RIGHTS UNDER THE EQUAL PROTECITON CLAUSE AND THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
In her second assignment of error, appellant argues that the mandatory sentencing provisions of Medina City Ordinance 513.03 are unconstitutional because they violate her rights under the Equal Protection Clause and the Eighth Amendment to the United States Constitution.
Appellant concedes that the ordinance applies equally to all persons who possess marijuana within the city of Medina. However, appellant argues that the classification of possession of marijuana in Medina City Ordinance 513.03 as a first degree misdemeanor is not rationally related to a legitimate governmental interest. Appellant argues that since the Ohio Revised Code has a similar code section which deals with like amounts of marijuana, the Medina City Ordinance is unnecessary and bears no rational relationship to any legitimate governmental interest. In essence, appellant argues that the city ordinance violates the Equal Protection Clause because if she had been cited under R.C. 2925.11(A), she would have received a lesser punishment. This Court disagrees.
The city of Medina, as a municipal corporation, has the sovereignty and the authority to pass laws for the welfare of its citizens under the Home Rule Amendment to the Ohio Constitution. Section 3, Article XVIII of the Ohio Constitution states:
 Municipalities shall have the authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.
The Supreme Court of Ohio specifically addressed the issue of a municipal marijuana ordinance providing for a greater penalty than the Ohio Revised Code in Niles v. Howard (1984), 12 Ohio St.3d 162. The court held:
 When a municipal ordinance varies in punishment with the state statute such ordinance is not in conflict with the statute when it only imposes a greater penalty. If the Niles ordinance had altered the degree of punishment to a felony rather than a misdemeanor it would have been unconstitutional. However, since the ordinance only increased the penalty from a lesser misdemeanor to a first degree misdemeanor, it is not in conflict with the general laws of Ohio.
Id. at 165. Medina City Ordinance 513.03(c)(2) makes possession or use of a controlled substance a misdemeanor of the first degree and imposes a mandatory minimum sentence of three days in jail for a first conviction. Under R.C. 2925.11(A) and 2929.21(D), possession of the same amount would be a minor misdemeanor with a penalty no greater than a one hundred dollar fine. Medina City Ordinance 513.03 does not make possession of marijuana a felony. Therefore, the ordinance is not in conflict with the general laws of the state.
This Court finds that appellant's argument that the ordinance bears no rational relationship to any legitimate governmental interest is without merit. The United States Supreme Court has found that "the comparative gravity of criminal offenses, and whether their consequences are more or less injurious, are matters for the state itself to determine." Collinsv. Johnston (1915), 237 U.S. 502, 510, 59 L.Ed. 1071. The Medina City Council has the same authority to set the penalty for offenses committed within its jurisdiction so long as the municipal ordinance does not conflict with the general laws of the state. Accordingly, Medina City Ordinance 513.03 is not a violation of the Equal Protection Clause.
Appellant also argues, for the first time on appeal, that the mandatory sentencing provisions of Medina City Ordinance 513.03 violate theEighth Amendment's prohibition against cruel and unusual punishment. However, this Court will not consider a claim that was not raised in the trial court. See State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus.
Appellant's second assignment of error is overruled. The judgment of the Medina County Municipal Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
WHITMORE, J., CONCURS.
SLABY, P. J., CONCURS IN JUDGMENT ONLY.