OPINION
{¶ 1} Plaintiff-Appellant, David Loy, appeals a Hancock County Common Pleas Court judgment that dismissed Loy's complaint for an injunction and declaratory relief against Defendant-Appellee, Liberty Township Board of Trustees ("Liberty Township"), and granted Liberty Township's counterclaims, ordering an injunction and abatement of the nuisance on Loy's property.
 {¶ 2} This case arose in October of 2001, when the Liberty Township zoning inspector sent two zoning violation notices to Loy, regarding violations on his 9410 County Road 84 property in Liberty Township, Hancock County. The violation notices were sent because Loy was using the property for his auto salvage business, Acres of Imported Automobiles. The notices informed Loy that his property was an agricultural zoned district that did not allow for his salvage business. Loy was given until November 9, 2001, to clear the property. Loy did not comply with the violation notices, nor did he appeal the notices to the Liberty Township zoning board of appeals.
 {¶ 3} In January of 2002, Loy filed a complaint seeking a preliminary injunction to "maintain the status quo of the parties pending the Court's determination of Plaintiff's within Declaratory Judgment action," and a declaratory judgment requesting the court determine whether the use of his property qualified as a prior legal nonconforming use. In February of 2002, Liberty Township filed an answer, claiming as an affirmative defense that Loy failed to exhaust his administrative remedy of appeal to the board of zoning appeals under article XVII, section 1702 of the Liberty Township zoning resolution. Additionally, Liberty Township filed a counterclaim for an injunction and abatement of nuisance, claiming that Loy's use of the property was in violation of the 1974 zoning resolution.
 {¶ 4} Following a one day trial, the court made numerous findings of fact and ultimately dismissed Loy's complaint, while granting Liberty Township's counterclaim. It is from this judgment Loy appeals, presenting nine assignments of error for our review.
The trial court committed judicial error in determining thatan appeal to the board of zoning appeals was necessary prior toappellant's filing for an action for declaratory relief.
 The trial court committed judicial error in determing that theappellant did not assert the invalidity of the zoning ordinance.
 The trial court erred in determining that the appellant'sbusiness required junk dealer and/or motor vehicle salvage dealerlicensure.
 The trial court committed judicial error in determining thatthe appellant's business failed to comply with required licensureby confusing the state's definition of a junk yard which requireslicensure with the township's definition which does notnecessarily require a license.
 The trial court erred in applying laws in effect in 2002,rather than laws in effect at the time of zoning enactment, todetermine that the appellant's business was not legal at the timeof the zoning enactment.
 The trial court erred in determining that the appellant'sbusiness did not meet legal nonconforming status described inohio revised code 519.19, when both requirements, (1) existinglawful operation at the time of enactment of zoning and (2) novoluntary discontinuance for two years or more, were met.
 The trial court erred in failing to recognize that theappellant's fencing complied with agricultural requirements andprotection from regulation of township government as mandated byohio revised code section 519.21(b).
 The trial court committed judicial error in applying junk yardlaw of section 4737 of the ohio revised code to abate theappellant's vehicles and an agriculturally used fence when theappellant was not a junk yard by state definition.
 The trial court erred in permitting Mr. K.C. Collette to usepictures and documents which were examples of intentionalfalsification of evidence and/or tampering with evidence evenwhen such became publicly known in court.
 {¶ 5} Due to the nature of appellant's claims, we will address his assignments of error out of order.
 Assignment of Error No. 7 {¶ 6} In the seventh assignment of error, Loy asserts that the court erred in failing to find that his perimeter fence was an agricultural fence. Because Loy failed to properly raise this issue below, we cannot consider the issue for the first time on appeal. Further, upon a review of the entire record, we find there is ample evidence to support a finding that the fence was not an agricultural fence, including Loy's own application to the zoning board to build the perimeter fence for business purposes and Loy's failure to produce any evidence that the fence was built for agricultural purposes. Accordingly, the seventh assignment of error is overruled.
 Assignment of Error No. 9 {¶ 7} In the ninth assignment of error, Loy maintains the court erred in admitting certain pictures and documents that he claims were falsified. Generally, an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. State v. Childs
(1968), 14 Ohio St.2d 56, 61-62. Having failed at the trial court level to object to the introduction of the challenged pictures and documents or to raise Loy's claim concerning the falsification of this evidence, Loy cannot now raise this issue for the first time on appeal. Accordingly, the ninth assignment of error is overruled.
 Assignments of Error Nos. 1, 2, 3, 4, 5, 6 8 {¶ 8} Upon a review of the record, we find that the trial court thoroughly addressed all of the relevant factual and legal issues pertaining to the remaining assignments of error in its judgment entry dismissing Loy's complaint and granting Liberty Township's counterclaim. Accordingly, we hereby adopt the final judgment entry of the trial court dated October 7, 2002, incorporated and attached hereto as Exhibit A, as our opinion for these assignments of error. For the reasons stated therein, Loy's remaining assignments of error are overruled.
 {¶ 9} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Cupp and Bryant, JJ., concur.