Appellant, Warner Realty, appeals its conviction in the Warren Municipal Court for violating Warren Ordinance § 1337.23, which is a minor misdemeanor. The facts of this case reveal that Warren Realty is an incorporated entity.
Carl Lee Williams, Senior ("Williams"), the property maintenance code inspector for the city of Warren, Ohio, inspected appellant's property located at 3419 and 3421 Northwest Blvd., N.W., in the city of Warren, Trumbull County, Ohio. Upon making the inspection, Williams observed that the exterior walls were in a state of decay, the front and rear stoops needed repair or replacement, and the house needed to be painted. In a letter dated February 27, 1998, and addressed to the statutory agent for appellant, Williams notified appellant that the front and rear stoops were in violation of Warren Ordinance § 1337.23 and needed to be repaired by April 3, 1998. The letter was received by appellant's statutory agent, Donald Guarnieri ("Guarnieri"), on March 4, 1998, as indicated by his signature on return receipt postal form. The letter also notified appellant of its right to appeal the citation by filing a written appeal to the City's Residential Board of Appeals ("the Board").
After observing that appellant had failed to correct the front and rear stoops by April 13, 1998, ten days after the date necessary for compliance, Williams filed a criminal complaint in the Warren Municipal Court, alleging a violation of Warren Ordinance § 1337.23. The complaint was filed on April 13, 1998. A trial was held in this matter on June 10, 1998. In a judgment entry filed on the same day, the trial court found appellant guilty of a continuing violation which occurred from April 4, 1998 through April 13, 1998. The court sentenced appellant, under Warren Ordinance § 501.99(b), to a fine of $250 for each day it was in violation of the ordinance, for a total fine reduced to $2,000 if paid by June 11, 1998.
Appellant timely filed this appeal, and now asserts the following assignments of error:
 "[1.] Trial Court erred in making a fine greater than One Hundred Dollars [sic].
 "[2.] The Trial Court [sic] erred in finding for an organizational penalty greater than provided by [R.C.] Section 2929.31(15).
 "[3.] Trial Court [sic] erred in not making the citation comply with Ohio Revised Code 2935.26(D).
"[4.] Trial Court [sic] erred in requiring a bond.
 "[5.] Trial Court [sic] erred in making the citation and summons defective.
 "[6.] Trial Court [sic] erred in making an arrest for a minor misdemeanor. (Recognizance of Accused).
 "[7.] The Trial Court [sic] erred in not providing evidence that the [appellant] was the proper owner and party of the premise."
In the first assignment of error, appellant contends that the trial court erred in assessing a fine to it greater than that allowed by R.C. 2929.21(D), which permits a maximum fine of not more than $100 for a minor misdemeanor. However, appellant is a corporation and, thus, sentencing under the Ohio Revised Code ("Code") would be done pursuant to R.C. 2929.31(A)(15), which provides that the maximum fine cannot exceed $1,000. Furthermore, appellant was sentenced according to Warren Ordinance § 501.99(b), which parallels R.C. 2929.31(A)(15), and also sets forth a maximum fine not to exceed $1,000. Accordingly, appellant's first assignment of error is without merit.
In its second assignment of error, appellant avers that the trial court erred by assessing a penalty greater than that imposed by R.C. 2929.31(A)(15). Again, appellant was sentenced under Warren Ordinance § 501.99(b), not under the Code. Furthermore, under both sections, a fine not exceeding $1,000 may be imposed for a minor misdemeanor, which the trial court held, could be imposed for each day that the violation occurred, since it was a continuing violation. Therefore, appellant's second assignment of error is not well-taken.
Appellant's third, fourth, fifth, and sixth assignments of error will be addressed in a consolidated fashion due to the fact that none of the errors argued in each assignment were raised before the trial court.
The general rule regarding errors raised for the first time on appeal is that "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus; see, also, State v.Awan (1986), 22 Ohio St.3d 120, 122. Indeed, such failure constitutes a waiver of the right to raise the error on appeal.Awan, 22 Ohio St.3d at syllabus. The foundation for this rule is rooted in the "legitimate state interest in orderly procedure through the judicial system * * * to avoid unnecessary delay and to discourage defendants from making erroneous records which would allow them an option to take advantage of favorable verdicts or to avoid unfavorable ones." Awan, 22 Ohio St.3d at 123; Childs,14 Ohio St. 2d at 62. The rule also advances the "legitimate state interest" in requiring timely objections. Childs,14 Ohio St.2d at 62.
The record before this court demonstrates that appellant failed to raise the issues contained in his third, fourth, fifth, and sixth assignments of error before the trial court. For the reasons articulated in the cases of Childs and Awan, this court declines to address appellant's assignments of error because the errors complained of should have been raised in the trial court. Allowing appellant to raise those errors for the first time on appeal would be in derogation of the legitimate state interest appellate courts possess in avoiding unnecessary delay and in precluding appellant from avoiding the unfavorable verdict he received. Pursuant to the holding in Awan, appellant has waived his right to argue those purported errors on appeal. Therefore, each of these assignments of error is without merit.
In the seventh assignment of error, appellant claims that the trial court erred in finding that it was the proper party and owner of the premises in issue because the prosecutor never introduced into evidence any copy of a certified deed, land contract, quit-claim deed, or any other evidence demonstrating ownership. The appellant further asserts that its ownership of the property was not proven because the County Recorder was not called to testify, nor any other competent records examiner, and a title search was not performed.
Contrary to appellee's contention that appellant's seventh assignment of error raises the issue manifest weight, we conclude that the issue argued concerns the sufficiency of the evidence. As the court stated in State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 10-11:
 "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented.
 "`"(* * *) (T)he test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence. * * *'"
 "In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence `in a light most favorable to the prosecution,' * * * `(a) reviewing court (should) not reverse a jury verdict where there is substantial evidence upon which the jury could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt.' State v. Eley (1978), 56 Ohio St.2d 169, syllabus." (Emphasis sic.)
In the instant matter, Williams testified, without objection, that he established appellant's ownership of the property at issue by requesting a computer search at the Auditor's office, in the city of Warren, which revealed that appellant was the owner. Although appellant failed to object to Williams' testimony, it did make an oral motion to dismiss the case on the basis that appellee did not establish ownership of the property. The trial court overruled appellant's motion because it found that appellee presented unrefuted evidence that appellant was, in fact, the owner. Importantly, the ownership of real property may be proven through testimonial evidence; there is no requirement that a certified copy of the deed must be submitted into evidence. SeeObenour v. Bower (Aug. 19, 1994), Lucas App. No. L-93-319, unreported, at 1-2, 1994 WL 455667. Furthermore, the record is entirely devoid of any evidence indicating that appellant is not the true owner of the property.
Applying the standard set forth in Schlee, we conclude that there was sufficient evidence for any rational trier of fact to have found, beyond a reasonable doubt, that appellant was the owner of the property located at 3419 and 3421 Northwest Blvd., N.W., in the city of Warren, Trumbull County, Ohio, and in violation of Warren Ordinance § 1337.23. Accordingly, appellant's seventh assignment of error is meritless.
For the foregoing reasons, appellant's assignments of error are not well-taken, and the judgment of the Warren Municipal Court is affirmed.
 ________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.