OPINION
This appeal emanates from the Portage County Municipal Court, Ravenna Division. Appellant, Arlie R. Stamper, III, appeals his conviction of driving under the influence, a license plate light violation, and failure to wear his seatbelt.
On April 2, 1999, appellant was charged with driving under the influence ("DUI"), in violation of R.C. 4511.19(A)(1), no license plate light, in violation of R.C. 4513.05, and failure to wear a seatbelt, in violation of R.C. 4513.263. Appellant entered a plea of not guilty to the charges. A bench trial took place on July 23, 1999.
At the trial, appellant waived his right to a jury and waived his right to have an attorney present. Appellee, the state of Ohio, called Deputy Gary Hoffman ("Deputy Hoffman"), a three year veteran of the Portage County Sheriff's Department, to the stand, who related that he was on duty on April 2, 1999, during the midnight shift. At about 2:00 a.m., he was driving eastbound on State Route 303, when he saw a vehicle "drifting from the center line back to the shoulder line, crossing the shoulder line and then back towards the center line and also had no rear plate light." He followed appellant's car for a short distance and observed it travel over the right edge line four times. The auto made a left turn without using a turn signal, so Deputy Hoffman activated his "overhead emergency lights and tapped the siren one time."
The car, which was operated by appellant, pulled over, and Deputy Hoffman approached the driver's side and tapped on the window. Once appellant rolled down the window, Deputy Hoffman observed that he was driving without a seatbelt. He asked appellant for his driver's license and registration and noted that the vehicle had a temporary tag on the rear of the vehicle, not a license plate. Deputy Hoffman also noticed a "strong distinct odor of alcohol" emanating from appellant. When appellant attempted to exit the car, Deputy Hoffman stated that he appeared to have problems maintaining his balance. He explained that appellant staggered, almost fell to the ground, and had red, bloodshot eyes. He asked appellant to perform three field sobriety tests, but appellant refused to submit to them. Appellant also refused to take a Breathalyzer test. Nonetheless, Deputy Hoffman believed that appellant was under the influence of alcohol. Deputy Hoffman asked appellant whether he had consumed any alcohol, to which appellant replied that he had a few beers earlier that night. Appellant told Deputy Hoffman that he could not arrest someone unless they were really drunk.
Deputy Hoffman transported appellant to the police station and asked him to submit to another Breathalyzer test, but he refused. Deputy Hoffman wrote up the traffic citation. A bit later, appellant demanded a Breathalyzer test, but since he had already refused, Deputy Hoffman told him that he had to hire a doctor or nurse to do the test. After appellant was served with a copy of the charges against him, Deputy Hoffman noticed that he became very loud, verbally abusive, and aggressive.
After appellee presented its case-in-chief, appellant made an oral motion to dismiss claiming that appellee did not present aprima facie case, which the trial court overruled. He then testified in his own behalf and stated that on the evening in question, he was working as a bouncer at a local bar from 11:00 p.m. to 2:00 a.m. He claimed that after he left work, he was traveling on State Route 303 when he saw "a car coming from behind [him] at a high rate of speed, which came onto the tailgate of [him], and [he] moved over to the white line, because [he] thought it was a car that was going to pass. So the car didn't pass. It backed off. It did this about four or five times, and each time [he moved] over to the white line to let the car go around [him] and it never did." According to appellant, it was during that time that Deputy Hoffman made the traffic stop. Appellant declared that he did not have anything to drink while he was at the tavern, and he did not tell Deputy Hoffman that he had a few beers.
Appellant stated that Deputy Hoffman informed him that he was pulled over because his license plate light was not working. Appellant alleged that he did not refuse to perform any of the field sobriety tests, but he did tell Deputy Hoffman that it was difficult for him to do the test because he could not put his knees together since he had hurt them. He claimed that he did one test, which Deputy Hoffman told him he had failed. Appellant explained that it was at that point that he said he was not going to take anymore tests. Subsequently, Deputy Hoffman arrested him, but never asked him to take a Breathalyzer test.
Appellant was found guilty of all three offenses. The trial court sentenced him to a term of one hundred eighty days in jail, with one hundred seventy days suspended, and fined him $500. The court also suspended appellant's license for one year. The court stayed execution pending this appeal. Appellant timely filed the instant appeal and now asserts the following as error:
 "[1.] The [c]ourt erred to the prejudice of [appellant] when the state failed to prove a prima facie case on the charge of illumination of license plate.
 "[2.] The [c]ourt erred to the prejudice of [appellant] when the court's finding of guilty of [d]riving under the influence and [s]eat [b]elt [v]iolation were against the manifest weight of the evidence."
In his first assignment of error, appellant contends that his conviction for failure to illuminate his license plate was not supported by sufficient evidence.
In State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 10, this court held:
 "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented.
 "`"(* * *) (T)he test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence.
* * *."'" (Emphasis sic.)
R.C. 4513.05 provides that:
 "* * * Either a tail light or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate, when such registration plate is required, and render it legible from a distance of fifty feet to the rear. Any tail light, together with any separate light for illuminating the rear registration plate, shall be so wired as to be lighted whenever the headlights or auxiliary driving lights are lighted, except where separate lighting systems are provided for trailers for the purpose of illuminating such registration plate."
In the instant matter, appellant argues that since he had a temporary tag on his car, as opposed to a license plate, he did not have a legal duty to illuminate it. However, the temporary tag was located on the rear of the vehicle and not in the rear window. Deputy Hoffman could not have known that the temporary tag was located on the rear of the car and not in the window until he made the stop. The failure to have the license plate properly illuminated is a violation of R.C. 4513.05. Accordingly, Deputy Hoffman was justified in stopping the automobile driven by appellant based upon the violation of the foregoing statute. Further, no evidence was presented that supports the conclusion that Deputy Hoffman decided to pull appellant over for any reason other than the inoperable license plate light. In addition, appellant has cited no authority for the proposition that a temporary tag located on the rear of the vehicle need not be illuminated. Appellant's first assignment is without merit.
In his second assignment, appellant alleges that his convictions for DUI and the seat belt violation were against the manifest weight of the evidence. Intertwined in this assignment is an argument that the officer had no specific and articulable suspicion to stop appellant's vehicle. However, appellant raises this argument for the first time on appeal. Hence, the argument is waived, and thus, will not be addressed.
We note that the general rule regarding errors raised for the first time on appeal is that "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Childs (1968),14 Ohio St.2d 56, paragraph three of the syllabus; see, also,State v. Awan (1986), 22 Ohio St.3d 120, 122. Indeed, such failure constitutes a waiver of the right to raise the error on appeal. Awan, 22 Ohio St.3d at syllabus. The foundation for this rule is rooted in the "legitimate state interest in orderly procedure through the judicial system * * * to avoid unnecessary delay and to discourage defendants from making erroneous records which would allow them an option to take advantage of favorable verdicts or to avoid unfavorable ones." Awan,22 Ohio St.3d at 123; Childs, 14 Ohio St.2d at 62. Therefore, we will not address appellant's argument as to whether the officer had a reasonable and articulable suspicion to stop appellant's vehicle. Nonetheless, we will address appellant's manifest argument.
In Schlee, supra, unreported, at 11, we stated that:
 "`[M]anifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.
 "`In determining whether the verdict was against the manifest weight of the evidence, "(* * *) (t)he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)"' (Citations omitted.) (Emphasis added.) * * *"
A judgment of a trial court should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." Statev. Thompkins (1997), 78 Ohio St.3d 380, 387.
In the case at bar, Deputy Hoffman's and appellant's testimony were conflicting. Deputy Hoffman testified that appellant traveled over the right edge line four times and failed to use his left turn signal. Further, Deputy Hoffman stated that when he approached appellant's vehicle, he noticed appellant was not wearing his seatbelt, but appellant never admitted or denied this charge. Also, Deputy Hoffman observed that appellant had a strong odor of alcohol emanating from his person and his eyes were bloodshot and red. Once Deputy Hoffman had appellant exit the auto, he noticed appellant was staggering and could not keep his balance. Deputy Hoffman stated that appellant admitted consuming a few beers earlier that evening. On the other hand, appellant admitted traveling over the right edge line four or five times, but claims that he did not consume any alcohol.
In Ohio, it is well-settled that the trier of fact has the discretion to determine the credibility of witnesses and the weight to be given to their testimony. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Here, the trial court must have found Deputy Hoffman to be credible. Hence, we conclude after reviewing the record and weighing the evidence and all reasonable inferences, that the judgment of the trial court was supported by competent, credible evidence. Likewise, after an examination of the entire record, it is our view that there was no manifest miscarriage of justice requiring the convictions to be reversed. The convictions were not against the manifest weight of the evidence. Appellant's second assignment of error lacks merit.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.
 ______________________________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., MILLIGAN, J., Ret., Fifth Appellate District, sitting by assignment, concur.