JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant James Estergall ("defendant") appeals from the judgment of the trial court, which determined the defendant to be a sexual predator. After a review of the record before us, we affirm the judgment of the trial court.
 {¶ 2} On August 10, 1976, the defendant was charged with four counts of gross sexual imposition in violation of R.C. 2907.05, two counts of rape in violation of R.C. 2907.02 and two counts of kidnapping in violation of R.C. 2905.01. The defendant pleaded not guilty to the indictments. Prior to trial, the defendant was referred for psychiatric evaluation to determine his competency to stand trial and was found to be competent.
 {¶ 3} On November 22, 1976, the defendant pleaded guilty to two counts of rape, as amended. Prior to sentencing, the defendant was referred for a psychiatric evaluation. He was then sentenced to an indefinite term of 7 to 25 years of incarceration, on aggravated felonies of the first degree under the law existing at the time, to be served concurrently. Initially, the defendant was committed to Lima State Hospital.
 {¶ 4} On August 22, 1997, the Ohio Department of Rehabilitation recommended to the trial court that the defendant be adjudicated a sexual predator pursuant to R.C. 2950.07(C). On June 27, 2001 the trial court conducted a hearing pursuant to R.C. 2950.09(C) to determine the defendant's status as a sexual predator.
 {¶ 5} At his sexual predator determination hearing, the state presented evidence of the defendant's institutional summary from the Grafton Correctional Institution, where he was being held at a "minimal 2 security" status. The summary listed his disciplinary record, job performance evaluation, programs he completed while incarcerated and a 1976 pre-sentence investigation report. The report did not reflect that the defendant had completed any courses related to his sex offenses or rehabilitation. The details of the defendant's offense to which he pleaded guilty were contained in the pre-sentence investigation report. The pre-sentence investigation report revealed the following facts.
 {¶ 6} On July 16, 1976, the defendant approached two sisters, ages six and three, and their four year old male cousin. He forced them to his home, forced the girls to remove their clothing and proceeded to engage in sexual conduct with them, which included intercourse, oral sex on the girls and digital penetration. The defendant then allowed the children to leave his home. The mother of the girls immediately fled to the defendant's house when she was told of what had occurred and banged on the doors. The defendant did not answer the door, but the mother of the girls attracted the attention of neighbors and the police were called. The victims and their mother identified the defendant as their former paper boy. The victims were treated at and released from Fairview General Hospital.
 {¶ 7} The pre-sentence investigation report contained the defendant's statement to the Cleveland Police. The defendant denied forcing the children into his home. He stated that the children had approached him, grabbed his crotch and wanted him to show them his "sexual parts." The defendant stated everyone agreed to go to his house, where the girls voluntarily removed their clothes for him. The defendant stated that he never harmed the girls, he just performed oral sex on them. The defendant admitted that he did this for his own sexual gratification because he could not seem to get a girlfriend.
 {¶ 8} The pre-sentence investigation report listed that the defendant had three juvenile convictions, four adult convictions, two parole violations and had escaped from a mental institution. It also referenced a psychiatric evaluation of the defendant by Dr. Philip Resnick, in which the doctor recommended that the defendant be confined to Lima State Hospital because he exhibited signs of recidivism of sexual acts for which he had been convicted. In this report, Dr. Resnick also noted that while he found the defendant to be competent, sane and not suffering from mental disease or defect, his impression of the defendant was of borderline mental retardation, inadequate personality and pedophilia.
 {¶ 9} At the hearing, the state also introduced evidence of a discharge summary from the Cleveland State Hospital which revealed that the defendant was incarcerated in 1967 for assaulting an eleven year old girl. The report noted that the little girl screamed, so the defendant left her alone. The discharge summary recommended that the defendant be hospitalized at the Lima State Hospital.
 {¶ 10} Further, Dr. Resnick's psychiatric evaluation on December 15, 1976 noted that the defendant acknowledged his preference for pre-pubertal girls as a sexual outlet. His comment stated,
 {¶ 11} "This individual has a primary interest in little girls as his sexual object choice. I believe that he qualifies as a psychopathic offender under the Ascherman Act. He seems unable to learn from experience and is likely to continue to be a menace to society * * *."
 {¶ 12} The defendant defended himself by stating that he had no recollection of making comments to the police officer regarding the circumstances of the charges in 1976.
 {¶ 13} Thereafter, the trial court found the defendant to be a sexual predator. It is from this ruling that the defendant now appeals, asserting one assignment of error for our review.
 {¶ 14} "I. The trial [court] abused its discretion and denied the defendant-appellant James Estergall, Jr. his right to due process of law by failing to provide for a psychiatric or psychological evaluation and an expert witness at a sexual predator classification hearing to address the issue of whether he was likely to commit sexually oriented offenses in the future and was therefore to be designated as a sexual predator pursuant to the provisions of 2950.09(B)(1)."
 {¶ 15} The defendant asserts that the trial court erred in not providing him a psychiatric evaluation and an expert witness at his sexual predator hearing. Specifically, the defendant urged that the trial court incorrectly relied upon old psychiatric reports of the defendant because the defendant's mental status could have changed dramatically since they were written. We disagree with the defendant's contentions.
 {¶ 16} With regard to procedure, we note that the defendant failed to request a psychiatric evaluation or present testimony of an expert witness at his sexual predator hearing. Pursuant to R.C. 2950.09(B)(2), "* * * At the hearing, the offender or delinquent child and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender or delinquent child is a sexual predator." It was incumbent upon the defendant to request a psychiatric evaluation and/or to have an expert witness testify in regard to his likelihood of recidivism. Therefore he has waived all but plain error.
 {¶ 17} "It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus. Pursuant to Crim.R. 52(B), plain errors or defects which affect substantial rights may be grounds for reversal even though they were not brought to the attention of the trial court. Notice of plain error, however, applies only under exceptional circumstance to prevent a manifest miscarriage of justice. State v. Long
(1978), 53 Ohio St.2d 91, paragraph three of the syllabus. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would have clearly been otherwise." State v. Moreland
(1990), 50 Ohio St.3d 58, 62, State v. Phillips (1995), 74 Ohio St.3d 72,83.
 {¶ 18} Within this assignment of error, the defendant asserts that much of the information upon which the trial court relied in making its determination was hearsay and therefore unreliable. We note that the defendant did not object to the introduction of any evidence at the sexual predator determination hearing. We also note that a sexual predator determination hearing is similar to a sentencing hearing, where it is well-settled that the rules of evidence do not strictly apply.State v. Cook (1998), 83 Ohio St.3d 404.
 {¶ 19} A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offenseand is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). State v. Eppinger (2001), 91 Ohio St.3d 158. The state has the burden of proving that the offender is a sexual predator by clear and convincing evidence. R.C. 2950.09(B)(3).
 {¶ 20} In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors including, but not limited to all of the following:
 {¶ 21} "(a) The offender's age;
 {¶ 22} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 23} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 24} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 25} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 26} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 27} "(g) Any mental illness or mental disability of the offender;
 {¶ 28} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 29} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 30} "(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2).
 {¶ 31} Although the trial court is not required to list all of the criteria and is only obligated to consider all relevant factors, it should discuss the factors on the record and the particular evidence upon which it relies in determining the likelihood of recidivism. Eppinger, supra at 167. Cook, supra; State v. Ward (1999), 130 Ohio App.3d 551. This does not mean that R.C. 2950(B)(2) requires that all listed factors be met before an offender can be designated a sexual predator. State v.Goodall (July 6, 2000), Cuyahoga App. No. 76491.
 {¶ 32} In this case, the defendant was thirty years old at the time of the rapes, while his victims were extremely young — three and six years old. There were multiple victims in this case. The nature of the charges to which he pleaded guilty included digital penetration, intercourse and oral sex performed on his victims. In his statement to police, the defendant then stated that these girls solicited him.
 {¶ 33} Further, the defendant had a history of criminal activity, dating back to when he was nine, he was repeatedly incarcerated at various facilities and spent time in various mental institutions. There was evidence in the record that the defendant was incarcerated for assaulting an eleven year old girl. Lastly, a psychiatric evaluation by a mental health professional stated that the defendant was likely to re-offend, given his propensity toward pre-pubertal girls.
 {¶ 34} The defendant argues that his mental status could have changed significantly since the reports that were relied upon by the trial court were made, and as a result he was entitled to a new evaluation. Having failed to request an evaluation and failed to prove how the outcome of the determination would have been clearly otherwise, we disagree. We are unable to conclude that if the defendant had presented a new psychiatric evaluation and/or testimony of an expert witness, that he would not have been determined to be a sexual predator. There existed sufficient other evidence for the trial court to find that the defendant is a sexual predator. We therefore overrule this assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND PATRICIA ANN BLACKMON, J., CONCUR.