Taft, C. J.
Defendant was charged with operating a motor vehicle while under the influence of alcohol. He was tried by the court without a jury. The cause is now before this court on appeal from a judgment of the Court of Appeals affirming his conviction.
Defendant’s conviction was based upon an affidavit which states that defendant “did * * * operate a certain motor vehicle * * * upon a certain public street,” and that defendant “was under the influence of alcohol.”
Defendant contends that his conviction should be reversed because it was based in part on some application of the second paragraph of Section 2133.01 of the Columbus Municipal Code, which section reads so far as pertinent:
“No person who is under the influence of * * * alcohol * * * shall operate any motor vehicle * * *.
“In construing this section, if there was five-hundredths of one per cent or less by weight of alcohol in the defendant’s blood, it shall be presumed that the defendant was not under the influence of intoxicating liquor or alcohol; if there was in excess of five-hundredths of one per cent but less than fifteen-hundredths of one per cent by weight of alcohol in the defendant’s blood, such fact shall not give rise to any presumption that the defendant was or was not under the influence of intoxicating liquor or alcohol, but such fact shall be considered with other competent evidence in determining the guilt or innocence *284 of the defendant; and if there was fifteen-hundredths of one per cent or more by weight of alcohol in the defendant’s blood, it shall be presumed that the defendant was under the influence of alcohol. Evidence of chemical analysis of defendant’s blood, urine, breath or other bodily substance may be admitted for the purpose of showing the amount of alcohol in defendant’s blood. The foregoing provisions of this section shall not operate to limit the introduction of any other competent evidence bearing upon the question of whether or not the defendant was under the influence of intoxicating liquor or alcohol.”
Defendant argues that the second paragraph of that ordinance is invalid because it dilutes and, to that extent, conflicts with the statutory presumption of innocence. See City of Toledo v. Gfell (1958), 107 Ohio App., 93,156 N. E. (2d), 752. But cf. City of Columbus v. Webster (1960), 170 Ohio St., 327, 164 N. E. (2d), 734.
If we assume that the second paragraph of that ordinance is invalid, it is clearly severable so that its invalidity would not affect the validity of the first paragraph of the ordinance.
The affidavit clearly charges an offense under that first paragraph of the ordinance.
Although evidence as to the 0.25% of alcohol found in defendant’s urine was used as the basis for testimony of an expert witness that defendant was under the influence of alcohol, there was no evidence to show what amount of alcohol in defendant’s blood would be indicated by the amount of alcohol found in his urine. Hence, on the record before him, the trial judge should not have relied upon anything in paragraph two of the foregoing-quoted ordinance in reaching his decision that defendant was driving under the influence of alcohol. There is no opinion, ruling or order of the trial judge tending to indicate that he did rely upon anything in that paragraph of the ordinance. In the absence of some showing to the contrary, there is a presumption that the trial judge performed his duty and did not rely upon anything in reaching his decision that he should not have relied upon.
Defendant contends further that the trial court erred in not granting defendant’s “motion to be allowed to have a portion of his specimen of urine for independent testimony for alcohol content.”
*285 Defendant furnished the specimen to the police officer at the time of his arrest. It does not appear that any request for a portion of that specimen was made until a month later or that the city then had any portion of that specimen. It would certainly be unreasonable to require retention of a portion of such a specimen in the absence of a prompt request for a sample thereof.

Judgment affirmed.

Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.