56

THE STATE OF OHIO, APPELLEE, v. CHILDS, APPELLANT.

(No. 40810—Decided April 17, 1968.)

*Mr. C. Howard Johnson,* prosecuting attorney, and *Mr. David H. Bodiker,* for appellee.

*Mr. Gerald A. Messerman,* for appellant.

58

BROWN, J.   The defendant raises four questions of law, which are as follows:

1. The delay in appointment of counsel denied the incarcerated defendant a fair trial by allowing the memories of his alibi witnesses to grow dim before the preparation of his defense could begin.

2. The erroneous admission of an out-of-court statement by an alleged co-conspirator which implicated the defendant in one of the charged offenses denied the defendant a fair trial by depriving him of the opportunity to confront and cross-examine his accuser.

3. The charge to the jury on alibi relieved the state of the duty of establishing guilt beyond a reasonable doubt by tending to shift the burden of proof to the defendant.

4. The trial court compelled the jury to agree upon a verdict, whether or not it reflected the independent judgment of each juror, by stating, "this being a criminal action it requires all twelve of you to agree upon a verdict," and by failing to add that independent judgment was not to be forsaken for the sake of unanimity.

We shall consider each question of law separately in the order in which they appear above.

The first question of law is based upon the inordinate length of time between arrest and the appointment of counsel. The defendant was in jail and without counsel for 121 days. He argues that during this time there was no way to fix in the minds of his alibi witnesses the events of December 17 and December 19, and that their memories dimmed sufficiently to make them vulnerable to cross-examination, resulting in a trial that could not be fair.

The claimed legal deprivation underlying defendant's largely factual argument seems to be the denial of counsel at a critical stage of the proceedings.

This argument may be divided into two parts.   In the first part, the defendant argues that there was a possible, but unprovable, prejudice inherent in the delay in contacting his alibi witnesses, caused by the delay in appointing counsel.   He then asserts that the *possibility* of prejudice is enough to require reversal, and for the support of this

assertion he relies upon *Chapman* v. *California*, 386 U. S. 18, which holds that a constitutional error in criminal cases must be harmless beyond a reasonable doubt in order to be considered harmless. This reliance is misplaced. The *Chapman* rule applies only to the test of harmlessness when there *is* a constitutional error, and has no application in deciding whether such an error exists. There is no established per se constitutional error here.

In the second part of his argument the defendant attempts to show there is per se constitutional error because counsel was denied at a critical stage of the proceedings.

There is a basic difference, however, between the need for a lawyer in this case and the need for a lawyer in the "critical stage" cases, such as *Hamilton* v. *Alabama,* 368 U. S. 52; *White* v. *Maryland,* 373 U. S. 59; and *United States* v. *Wade,* 385 U. S. 811. In those cases, an attorney was needed for legal services, as the "stage" was some point in the prosecution where important legal decisions were necessary or where a confrontation of legal significance occurred, *i. e.,* pleas had to be made or defenses were lost (*Hamilton* v. *Alabama*), or pleas made would be available in evidence later (*White* v. *Maryland*), or firm identification judgments would be made without being subject to the truth testing of cross-examination (*United States* v. *Wade*). Here, on the other hand, the claimed need for an attorney was primarily for contacting the alibi witnesses soon after the events in order to direct their attention toward those events in order to remember them. In such a case, counsel would be performing only a notification function, and not a legal advice-giving or truth-testing function that only a lawyer can perform. In most cases, including this one, such notification would not require legal expertise.

This claim presents a new question that has not been authoritatively decided heretofore. If we are to hold that the defendant was denied counsel at a critical stage of the proceedings against him we must do so on the facts of this case, as there is no authority to do so on the basis of *stare decisis.*

After a careful consideration of the facts we do not think the requested extension of the constitutional right to counsel is warranted.

In the first place, the alibi witnesses of the defendant were not strangers who would not be expected to have any idea of the importance of remembering the events of December 17 and 19 until contacted by defendant's attorney four months later. Instead, his five witnesses were his mother and stepfather, both of whom lived in the same house with him, and three friends, two of whom lived in the same house and one other who was arrested at about the same time and apparently for one of the same offenses for which defendant was indicted. All that these friends and relatives needed to know were the dates that the defendant supposedly robbed the markets, and their memories would immediately have been directed to when they saw him on those days. It would be unreasonable to assume, without any proof whatsoever, that for four months after Joe Willie Childs was arrested these particular people, as close as they were to the defendant, had no idea of the offenses for which he was arrested.

Moreover, the testimony of defendant's witnesses, as disclosed by the bill of exceptions, does not support defendant's assertion that their lack of memory was attributable to defendant's lack of counsel early in the pretrial period; nor does it support an inference of forgetfulness as strongly as it supports an inference of fabrication. The defense witnesses, with one exception, seemed to remember things clearly and certainly on direct examination, becoming forgetful only on cross-examination.

Throughout his brief the defendant overstresses the unprovability of this particular claim of prejudice. Although clear proof of the prejudice itself might have been impossible, proof of the circumstances giving rise to substantial potential prejudice was not impossible, and such proof was essential. We cannot presume prejudice under the circumstances shown by this record. Defendant, with counsel, having failed to claim trial or pretrial prejudice at the time of trial, and having failed to establish at that

trial any evidentiary basis for a finding of potential prejudice of a substantial nature, now asks us to assume, contrary to what might reasonably be expected, that his witnesses had no idea of the importance to him of their remembering events of December 17 and December 19 until four months after his arrest when his attorney came to talk with them.

The reality of the situation in this case, and in criminal cases generally, is that the state is not as a practical matter able to provide counsel to all indigent defendants at all stages of the proceedings where there is a mere *possibility* that absence of counsel "might derogate the accused's right to a fair trial." In the absence of circumstances demonstrated in the record which are persuasive that "potential substantial prejudice to the accused's rights"* occurred, we will not deem it to be constitutional error that counsel was not provided for the purpose of interrogating and notifying alibi witnesses on behalf of the accused promptly after his arrest.

The second question of law is that the defendant was denied a fair trial because of the admission of the hearsay testimony of detective Jansen of the Columbus police department. Jansen testified with respect to a confession by an alleged accomplice which implicated the appellant in the robbery of December 19.

The problem with this question of law is that counsel for the defendant did not object when that testimony was given, and he did nothing thereafter to call the attention of the trial court to this alleged hearsay error. It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. Paragraph one of the syllabus of *State* v. *Glaros*, 170 Ohio St. 471. We do

---

*Paragraph eight of the headnotes of *United States* v. *Wade*, 18 L. Ed. 2d 1149, decided February 16, 1967, in which objection was made at trial to the defect.

not believe that defendant has shown adequate reasons to disregard this rule.

Defendant asserts that his constitutional right of confrontation of the witnesses against him was denied by the admission of this hearsay. This deprivation is not peculiar to this case, as it would seem to be the obvious result of the admission of hearsay in any criminal case where the declarant was not put on the stand or otherwise subject to cross-examination. Constitutional rights may be lost as finally as any others by a failure to assert them at the proper time. *State v. Davis,* 1 Ohio St. 2d 28.

The legitimate state interest in requiring timely objection to improper evidence has been well recognized by courts, including the United States Supreme Court. *Douglas v. Alabama,* 380 U. S. 415, *Henry v. Mississippi,* 379 U. S. 443. This interest is founded on the desirability of avoiding unnecessary delay and discouraging defendants from making erroneous records, allowing them an option to take advantage of favorable verdicts or to avoid unfavorable ones. Unlike the case of *Henry v. Mississippi, supra,* the state interest was not served here by any motion or objection which would call the attention of the trial court to the error that is urged.

In view of the considerations above and the additional fact that the hearsay evidence was corroborated by two eye-witnesses who testified at the trial, we do not believe defendant has discredited the fairness of his trial or otherwise given sufficient justification for disregarding the requirement of timely objection.

The third question of law is that the charge to the jury on alibi tended in various ways to put the burden of proof on the defendant, instead of leaving it with the state. The part of the charge dealing with alibi reads as follows:

"One of the defenses introduced by the defendant is what is known in law as an alibi. That is the defendant was at another place at the time of the commission of the crime charged in that indictment.

"The court instructs you that such a defense is proper and is legitimate if proven as any other and all evidence

bearing on that point should be carefully considered by the jury. If in view of all the evidence the jury has a reasonable doubt as to whether the defendant was in some other place when such crime charged in the indictment was committed, you should give the defendant the benefit of the doubt and find him not guilty.

"The court instructs you further that the defendant need not prove such alibi by a preponderance of the evidence; that means the greater weight of the evidence, neither does he need to establish it beyond a reasonable doubt, but if the evidence introduced creates in your minds a reasonable doubt as to the defendant's guilt, then your verdict should be not guilty even though you should not be able to find that the alibi was fully proven.

"You will, therefore, look at all the evidence in the case and determine whether or not the accused might have been at the place he claims at the time shown, and yet might have committed the alleged crime or crimes—here they are both charged in the indictment—and determine whether such evidence of alibi along with all the other evidence in the case raises a reasonable doubt in your mind of the defendant's guilt. If it does not, the defense of alibi is not made out. If it does, the defendant is entitled to acquittal."

The defendant contends that the use of the words, "if proven," in the second paragraph of the quoted instructions seems to put the burden of proving alibi on the defendant. However, the next sentence clarifies the matter and correctly states the nature of the alibi defense. In this context, we do not think the unfortunate use of the words, "if proven," is harmful. *Singh* v. *State,* 35 Ariz. 432, 280 P. 672, 67 A. L. R. 129.

The next objection to the charge is directed to the language in the third paragraph of the alibi instructions, quoted above, which reads: "* * * but if the. [alibi] evidence introduced creates in your minds a reasonable doubt as to the defendant's guilt, then your verdict should be not guilty even though you should not be able to find that the alibi was fully proven."

The contention is again made that this language places the burden of proving reasonable doubt on the defendant. Read literally, however, the statement is not incorrect. If the alibi evidence puts reasonable doubt in the minds of the jury as to the defendant's guilt the defendant *should* be acquitted. Perhaps the real objection of the defendant at this point is that the statement does not go further and say that *any* doubt arising out of the alibi defense may be added to *any* doubt left by the state's case, and if the total accumulated doubt amounts to a reasonable doubt as to defendant's guilt, then the jury must acquit. This availability of accumulation of doubt is the principal advantage to the defendant of the general rule, followed in this jurisdiction, that the burden of proof remains with the state even with respect to alibi evidence.

In this particular phrase, the trial court seems to have changed from talking about alibi as *an* acquitting factor to talking about alibi as the *sole* acquitting factor. If the only defense is alibi, and if one assumes that the state's case leaves absolutely no room for doubt, then the entire quantum of "reasonable doubt" must come, if at all, from alibi. Such a silent assumption about the state's case, however, is not proper.

Nevertheless, we do not believe this language is prejudicial when considered in the context of the rest of the charge on alibi. The questionable phrase was sandwiched between the following correct sentences which sufficiently cured the alleged defect:

"If in view of all the evidence the jury has a reasonable doubt as to whether the defendant was in some other place when such crime charged in the indictment was committed, you should give the defendant the benefit of the doubt and find him not guilty."

"You will, therefore, look at all the evidence in the case * * * and determine whether such evidence of alibi along with all the other evidence in the case raises a reasonable doubt in your mind of the defendant's guilt." See annotation, 120 A. L. R. 591, 602, 603.

Defendant's third objection concerns the phrase: "You will * * * determine whether or not the accused might have

been at the place he claims at the time shown * * *." This objection merits no discussion and we mention it only to refer defendant to *Sabo* v. *State*, 119 Ohio St. 231, especially paragraph six of the syllabus and the opinion, at pages 244 and 245.

The fourth and last objection is directed particularly to the language in the last paragraph of the charge on alibi, which reads:

"You will, therefore, look at all the evidence in the case * * * and determine whether such evidence of alibi along with all the other evidence in the case *raises a reasonable doubt* in your mind of the defendant's guilt. If it does not, the defense of alibi is not made out. If it does, the defendant is entitled to acquittal." (Emphasis supplied.)

The argument of defendant is that by talking of acquittal in terms of all the evidence *raising a reasonable doubt,* the court has impliedly assumed the necessity of reasonable doubt for acquittal, thereby assuming the guilt of the defendant and shifting the burden of proof to him.

No authority from Ohio or any other jurisdiction has been cited to support this contention that language in alibi instructions referring to *raising a reasonable doubt* tends to deprive defendants of the presumption of innocence. On the contrary, the cases seem to approve this phraseology, *Falgout* v. *United States*, 279 F. 513, 29 A. L. R. 1115; annotation, 67 A. L. R. 138, 146 *et seq.,* and there is some indication that it is in general use. Mathes and Devitt, Federal Jury Practice and Instructions, 31, Section 8.27; Caljic, California Jury Instructions, Criminal (Rev. Ed.), 59.

We do not see how the defendant could have been prejudiced by this phraseology. Nothing in the language objected to was incorrect.

Any possible confusion about the burden of proof must surely have been dispelled by the parts of the charge dealing specifically with that issue, which read as follows:

"By his plea of not guilty the defendant comes before this court clothed with the presumption of innocence, which is a protection which the law places about him and about everyone charged with a crime, and which protection remains and abides with him throughout the trial of the case,

and until such time as the jury should find, if you do find, that the state has removed that presumption and proven his guilt beyond a reasonable doubt.

"The burden is upon the state of Ohio to prove all the essential elements of the indictment which would indicate guilt, before the jury would be justified in returning a verdict of guilty, and this proof must be beyond a reasonable doubt.

"* * *

"* * * As stated before, the burden is upon the plaintiff, the state of Ohio, to prove the essential elements of this indictment beyond a reasonable doubt. * * *"

We do not think these instructions could have prejudiced the defendant.

The fourth and final question of law is that the jury was misled and coerced into unanimity by the following segment of the instructions:

"This being a criminal case it requires all 12 of you to agree upon a verdict. When you will retire you will select one of your members as foreman or forelady and proceed with your deliberations and when all 12 of you have agreed upon a verdict you will sign such verdict and return and report to the court."

We fail to see how this language could have been prejudicial to the defendant. The instruction is cryptic, but the failure to say more was an error of omission requiring an objection at the trial court level, which was not made. In fact, at the close of the court's general charge to the jury, defendant's counsel, in answer to a question by the court as to whether anything had been omitted from the charge, stated "The defense is satisfied, your Honor."

The judgment of the Court of Appeals affirming the conviction of the defendant is hereby affirmed.

*Judgment affirmed.*

Taft, C. J., Zimmerman and Matthias, JJ., concur.

Herbert and Schneider, JJ., concur in paragraphs two, three and four of the syllabus and in the judgment.

O'Neill, J., dissents.