THE STATE, EX REL. SPECHT, APPELLANT, *v.* OREGON CITY BOARD OF EDUCATION ET AL., APPELLEES.

(No. 80-1142—Decided May 20, 1981.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman &*
*Gee* and *Mr. John F. Gillespie,* for appellant.
*Means, Bichimer, Burkholder & Baker Co., L.P.A., Mr.*
*Nicholas A. Pittner* and *Mr. Kimball H. Carey,* for appellees.

*Per Curiam.*

## I.

Appellant, in his first proposition of law, asserts, in essence, that R. C. 124.34 mandates that *any* suspension of a classified civil service employee be imposed by the "appointing authority," *i.e.,* appellee, and, therefore, neither superintendents, assistant superintendents nor business managers have the authority to suspend a school district civil service employee. Stated otherwise, appellant claims his suspension is invalid because it was not imposed directly by the appellee, but rather by the assistant superintendent.

We find no merit in this assertion.

The decision herein is limited to the determination of whether the order of suspension executed by the assistant superintendent was in accordance with law. There is no issue herein concerning the validity of the merits of the suspension.

R. C. 124.34,* as it existed at the time of appellant's suspension, read, in pertinent part, as follows:

"The tenure of every officer or employee in the classified service of the state and the counties, civil service townships, cities, city health districts, general health districts, and city school districts thereof, holding a position under this chapter of the Revised Code, shall be during good behavior and efficient service and no such officer or employee shall be reduced in pay or position, suspended, or removed, except as provided in section 124.32 of the Revised Code***.

"In any case of***suspension of more than five working days,***the appointing authority shall furnish such employee with a copy of the order of***suspension***."

A direct or even an implied reference as to who is entrusted or authorized to execute a suspension for a period of five working days or less is conspicuously absent from R. C. 124.34. The statute does expressly and clearly mandate that the appointing authority shall execute a suspension of "more than five working days." A judicial interpretation of R. C. 124.34 that would make it mandatory that *only* the appointing authority execute all suspensions, including those of five working days or less, would, in essence, be a rewriting of the statute and not an interpretation. Such action is beyond the province of the courts.

A legislative, historical analysis of R. C. 124.34 buttresses our determination herein that the assistant superintendent, as well as the appellee, can execute suspensions of five working days or less.

R. C. 143.26, predecessor of R. C. 124.34, provided, in pertinent part, as follows:

*"In all such cases of***suspension of an employee,* whether appointed for a definite term or otherwise, *the ap-*

* R. C. 124.34, as applied to the instant cause, has since been modified and now mandates that suspensions of "more than three working days," as opposed to suspensions of "more than five working days," shall be executed by the appointing authority.

R. C. 124.34 currently reads, in pertinent part, as follows:

"In any case of reduction, *suspension of more than three working days,* or removal, the appointing authority shall furnish such employee with a copy of the order of reduction, suspension, or removal, which order shall state the reasons therefor. Such order shall be filed with the director of administrative services and state personnel board of review, or the commission, as may be appropriate." (Emphasis added.)

*pointing authority shall furnish such employee with a copy of the order of \* \* \*suspension,* and his reasons for the same, and give such employee a reasonable time in which to make and file an explanation. Such order together with the explanation, if any, of the employee shall be filed with the state personnel board of review. \* \* \*Sections 143.01 to 143.48, inclusive, of the Revised Code *do not limit the power of an appointing authority to suspend without pay, for purposes of discipline, an employee for a reasonable period not exceeding thirty days\* \* \*.''* (Emphasis added.)

A clear and simple reading of the above-quoted statute indicates that all suspensions, without specific reference to suspensions over five working days, were to be executed by the appointing authority. The only reasonable interpretation of these statutory changes is to construe R. C. 124.34 as allowing short-term suspensions of five working days or less to be imposed by one other than the appointing authority.

Furthermore, an interpretation of R. C. 124.34 that would require a board of education's direct supervision on every minor suspension is repugnant to the efficient and practical administration of our public schools. The need for flexibility for the issuance of short-term suspensions is a legitimate concern, especially when the power to issue such suspension orders is derived from other statutes.

R. C. 3319.01 reads, in pertinent part, as follows:

"The *superintendent* of a school district shall be the executive officer for the board. Except as otherwise provided in this section for local school districts, he shall direct and assign teachers and other employees of the schools under his supervision, except as provided in section 3319.04 of the Revised Code\* \* \*.'' (Emphasis added.)

R. C. 3319.04 states, in pertinent part:

"The business manager\* \* \*shall appoint and may discharge, subject to confirmation of the board, noneducational employees, and shall prepare and execute all contracts necessary in carrying out this section.''

The granting by the General Assembly to the superintendent of the power to "direct and assign teachers'' clearly indicates broad powers, to wit: the power to suspend.

Therefore, reading all the above-quoted statutes in *pari*

*materia,* it logically follows that Shultz, the assistant superintendent and business manager, had the authority to execute short-term suspensions of five working days or less without the direct approval of the appointing authority.

For the foregoing reasons, the appellant's first proposition of law is held to be without merit.

## II.

Appellant, in his second proposition of law, asserts that the Court of Appeals failed to pass upon his assignment of error that his suspension is a deprivation of his property without due process of law. Appellant claims that failure to address this issue warrants a remand of this cause with directions to the Court of Appeals to consider and rule upon the constitutional claim.

Although, pursuant to App. R. 12(A), the Court of Appeals is required to pass on all errors assigned and briefed, the due-process argument was not raised in, nor was it in the record of, the trial court.

It is well founded that a constitutional question can not be raised in a reviewing court unless it appears it was urged in the trial court. *Clarington* v. *Althar* (1930), 122 Ohio St. 608, and *Toledo* v. *Gfell* (1958), 107 Ohio App. 93, 95.

For the above-stated reasons, the appellant's second proposition of law is without merit.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and BLACK, JJ., concur.

BLACK, J., of the First Appellate District, sitting for C. BROWN, J.