This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Demetri Robinson, appeals the decision of the Wayne County Court of Common Pleas. We affirm.
{¶ 2} On January 6, 2000, Mr. Robinson was indicted for escape pursuant to R.C. 2921.34. Mr. Robinson pled guilty and was sentenced to two years of community control, specifically, the trial court ordered Mr. Robinson to: (1) obey all local, state and federal laws; (2) follow the guidance and instruction of his probation officer; (3) abide by the rules and regulations of the Adult Probation Department; (4) undergo periodic, random drug testing at the direction of the Adult Probation Department; (5) complete the intensive supervision program in compliance with the rules and regulations of the intensive supervision program; (6) perform 100 hours of community service work as directed by the Adult Probation Department; (7) pay a fine of $300.00 as directed by the Adult Probation Office; and (8) pay probation maintenance fee of $50.00.
{¶ 3} On November 16, 2001, Mr. Robinson was charged with a community control sanction violation. On December 12, 2001, the complaint for the community control sanction violation was amended. On January 4, 2002, the trial court held a probation revocation hearing. The trial court found that continued community control sanctions were not appropriate and imposed a prison sentence of two years.
{¶ 4} Appellant asserts one assignment of error:
{¶ 5} "DEFENDANT-APPELLANT CONTENDS THAT TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT RIGHTS AT HIS PROBATION REVOCATION HEARING, IN WHICH DEFENDANT-APPELLANTS' PROBATION WAS ESSENTIALLY REVOKED, IN VIOLATION OF CRIM.R. 32.3(A), Gagnon v. Scarpelli 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656, 71 O.O.2d 279 (1973) AND SECTION 10, ARTICLE I, OHIO CONSTITUTION WHICH ALL GUARANTEE THE PROBATIONERS RIGHT TO BE INFORMED OF THE VIOLATION THROUGH A BRIEF STATEMENT OF THE ESSENTIAL FACTS, REQUIRE DEFENDANT-APPELLANT TO RECEIVE A PRELIMINARY AND FINAL HEARING, REQUIRE AN OPPORTUNITY TO CONFRONT AND CROSS EXAMINE WITNESSES, REQUIRE THE OPPORTUNITY TO PRESENT WITNESSES OR DOCUMENTARY EVIDENCE ON HIS BEHALF AND REQUIRE THE FACT FINDER TO PROVIDE A WRITTEN STATEMENT AS TO THE EVIDENCE RELIED ON AND THE REASONS FOR REVOKING PROBATION." [sic.]
{¶ 6} In his assignment of error, Mr. Robinson asserts that the trial court erred when it failed to provide Mr. Robinson with a brief statement of the essential facts, a preliminary or final hearing, an opportunity to confront and cross-examine witnesses, an opportunity to present witnesses or documentary evidence, or a written statement from the fact finder of the evidence relied on and the reasons for revoking probation. We disagree.
{¶ 7} "It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus.
{¶ 8} The record before this Court contains the transcript from the probation revocation hearing held pursuant to Crim.R. 32.3 for violation of a community control sanction. The trial court states in its journal entry that Mr. Robinson was given a right to speak and to present evidence, and was afforded all rights pursuant to Crim.R. 32.3. Mr. Robinson did not raise this argument at the probation revocation hearing, therefore, this Court will not consider Mr. Robinson's assignment of error.
{¶ 9} Mr. Robinson's assignment of error is overruled and the decision of the Wayne County Court of Common Pleas is affirmed.
SLABY, P.J. and BAIRD, J. CONCUR.