OPINION
{¶ 1} In this appeal from a serious youthful offender dispositional sentence, appellant Casey J. Gerkin argues that because the serious youthful offender sentence exposes a juvenile to a potentially greater sentence if convicted, he has a Sixth Amendment right to a jury determination of any fact supporting the determination underApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct.2348,147 L.Ed.2d 435, Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403 and State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. Appellee the State of Ohio contends that appellant's appeal is untimely.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 1, 2002 the Ashland County Grand Jury indicted appellant, who was seventeen years old at the time, pursuant to R.C. 2152.13(A)(1), on one count of complicity to aggravated burglary, a felony of the first degree in violation of R.C. 2929.11(A)(1), two counts of complicity to felonious assault, felonies of the second degree in violation of R.C. 2903.11(A)(2) and one count of possession of criminal tools, a felony of the fifth degree in violation of R.C. 2923.24(A). The indictment further alleged that counts one, two and three were enhanced because the crimes alleged would be offenses of violence as defined by R.C. 2901.01(A)(9). Finally the indictment alleged that appellant was eligible for a serious youthful offender dispositional sentence.
 {¶ 3} On January 31, 2003, appellant entered pleas and admissions to the charges with the advice of counsel. In exchange for the pleas the State reduced Count one of the indictment complicity to aggravated burglary from a felony of the first degree to a felony of the third degree and dismissed Count three of the Indictment, complicity to felonious assault, a felony of the second degree and Count four of the Indictment, possession of criminal tools, a felony of the fifth degree. (Judgment Entry filed January 31, 2003).
 {¶ 4} The court further labeled appellant a serious youthful offender pursuant to R.C. 2152.13(D) (2) (a). Therefore, appellant received both a juvenile and an adult sentence.
 {¶ 5} For his juvenile disposition, the court committed appellant to the Ohio Department of Youth Services for a minimum period of one year on the complicity to commit felonious assault charge; and a minimum period of six months on the burglary charge. The court ordered the sentences to be served consecutively, for a total minimum of one and one half years, maximum of appellant's twenty-first birthday. For the adult portion of his sentence, the court sentenced appellant to the Ohio Department of Rehabilitation and Correction for six years on the complicity to commit felonious assault charge and two years on the complicity to commit burglary charge. The court ordered the sentences to be served concurrently, for a total prison term of six years. The adult sentence was suspended pending successful completion of the juvenile sentence pursuant to R.C. 2152.13(D) (2) (a) (iii).
 {¶ 6} Appellant served his juvenile sentence, was released from the Department of Youth Services, and was placed on parole. While on parole, the State filed a motion to invoke the adult portion of appellant's sentence because new charges were filed against appellant.
 {¶ 7} On October 19, 2005, the court held an evidentiary hearing on the motion to invoke appellant's adult sentence. Prior to the commencement of the hearing the court advised appellant, who was represented by counsel, of his rights pursuant to R.C. 2152.14.
 {¶ 8} At the hearing the Court heard testimony that appellant had been consuming alcohol, had been convicted of a felony receiving stolen property, had unlawful sexual conduct with a thirteen year old female, failed to complete alcohol and drug counseling and had committed numerous violations of the rules of his parole. The court received evidence that appellant had been terminated and did not successfully complete the residential program at the Smith House. The court took judicial notice of the fact that appellant had been previously committed to the custody of the Ohio Department of Youth Services on at least three prior occasions.
 {¶ 9} At the conclusion of the hearing, the court took the matter under advisement and provided each party the opportunity to provide closing arguments in writing.
 {¶ 10} On February 23, 2006, the Court issued an opinion and judgment order invoking appellant's adult sentence. The court also held a hearing on February 28, 2006, at which time it confirmed the findings it previously made to impose the discretionary serious youthful offender disposition, and sentenced appellant to adult prison. For his adult sentence, the court amended the term of incarceration from a six year term to a five year term in the Department of Rehabilitation and Correction for the offense of complicity to felonious assault; and a term of two years of incarceration for the offense of complicity to burglary. The court ordered these sentences to run concurrently, for a five year prison term.
 {¶ 11} On March 24, 2006, Appellant filed a Notice of Appeal raising the following three assignments of error:
 {¶ 12} "I. THE OHIO REVISED CODE SECTION 2152.13(D) (2) (A) VIOLATES A JUVENILE'S RIGHTS TO DUE PROCESS AND TRIAL BY JURY UNDER THE FIFTH,SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 5 AND 16 OF THE OHIO CONSTITUTION BECAUSE IT AUTHORIZES A JUVENILE COURT TO IMPOSE AN ADULT SENTENCE ON A JUVENILE BASED ON JUDICIAL FACT-FINDING, IN CONTRAVENTION OF BLAKELY v.WASHINGTON (2004), 542 U.S. 296, 124 S.CT. 2538. (A-1) (A-9).
 {¶ 13} "II. OHIO REVISED CODE SECTION 2152.13 VIOLATES THE EQUAL PROTECTION CLAUSE OF THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
AND ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION BECAUSE IT DENIES A DEFENDANT SERVING THE ADULT PORTION OF HIS SERIOUS YOUTHFUL OFFENDER SENTENCE A PROCEDURE TO APPLY FOR JUDICIAL RELEASE.
 {¶ 14} "III. CASEY GERKEN WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION. (FEBRUARY 28, 2006, T.PP. 1-204)."
 I., II., III. {¶ 15} At the outset, the State contends that appellant failed to file a timely appeal from the serious youthful offender dispositional sentence. For the reasons which follow, we agree.
 {¶ 16} An appeal as of right may be taken by the filing of a timely notice of appeal with the clerk of the trial court in which the judgment was entered. App. R. 3(A). The only jurisdictional requirement for an appeal as of right is the filing of the notice of appeal in a timely manner. App. R. 4(A) states:
 {¶ 17} "A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 18} The filing of a timely notice of appeal is a prerequisite to establishing jurisdiction in a court of appeals. Therefore, while in the general sense, this court has jurisdiction to hear appeals in criminal cases, that jurisdiction must be invoked by the timely filing of a notice of appeal. The failure to file a timely notice of appeal is a jurisdictional requirement that cannot be ignored. State v.Alexander, 10th Dist. Nos. 05AP-129, 05AP-245,2005-Ohio-5997 at ¶ 17.
 {¶ 19} In the case at bar, appellant failed to file a timely notice of appeal from the January 31, 2003 judgment of the trial court finding him to be a serious youthful offender. Appellant contends, however, that pursuant to this Court's decision in State v. Gibson, 5th
Dist. No. 05 COA 032, 2006-Ohio-4052 the time to appeal does not begin to run until the sentence stayed by the trial court is actually imposed by the trial court in a subsequent revocation proceeding.
 {¶ 20} In Gibson, supra, an adult defendant was sentenced to community control; the court also reserved a prison term of eight months should appellant violate the terms of his community control. A judgment entry of sentence was filed on June 30, 2005. On July 27, 2005, appellant filed a notice of appeal after the trial court revoked his community control and imposed the reserved prison term. The Court inGibson recognized a conflict between courts as to whether a defendant must raise a Foster/Blakely challenge in an appeal from the original sentencing entry, or by appealing from a subsequent revocation entry. The Court concluded: "[i]n order to clarify this issue, we herein hold that a Blakely or Foster challenge to a sentence which includes a community control sanction represents an allegation of a `fundamental flaw' in the sentencing process . . . Therefore, a defendant must raise such a challenge in an appeal from the original sentencing entry, rather than by appealing from a subsequent revocation entry. In the interest of justice, this decision will not be applied retroactively to individuals who were placed on community control prior to the date of this opinion". Id. at ¶ 12. (Citations omitted).
 {¶ 21} However, a case such as the one at bar where the defendant seeks to appeal from a serious youthful offender dispositional sentence pursuant to R.C. 2152.13 is distinguishable from the situation addressed in Gibson.
 {¶ 22} R.C. 2152.13(D) (3) provides; "[a] child upon whom a serious youthful offender dispositional sentence is imposed . . . has a right to appeal . . . the adult portion of the serious youthful offender dispositional sentence. . . . The child may appeal the adult portion, and the court shall consider the appeal as if the adult portion were not stayed."
 {¶ 23} Accordingly, the time to appeal from the adult portion of a serious youthful offender dispositional sentence is the same whether the adult portion is stayed or imposed at the dispositional sentence hearing. Pursuant to App. R. 4(A) that time is thirty days from the dispositional sentence hearing. As noted by the Ohio Supreme Court: "[t]he General Assembly having granted the right to appeal from a sentence in a criminal case, certainly the manner in which and the time when such appeal shall be perfected are wholly matters of procedure. . . . In fixing a time limit on the perfecting of an appeal as of right the General Assembly in no way infringes any constitutional right possessed by a defendant". State v. Edwards (1952), 157 Ohio St. 175, 180-181,105 N.E.2d 259, 262.
 {¶ 24} While appellant is entitled to a right of appeal, that right to appeal expired when both appellant and counsel failed to file a notice of appeal within the time required by App. R. 4(A). Therefore, the court has no jurisdiction to entertain an appeal as of right from the conviction and sentence below. State v. Alexander, supra at ¶ 19.
 {¶ 25} In a criminal case, where the defendant has failed to meet the time requirements of App. R. 4(A), the unqualified right to an appeal set out in App. R. 3(A) is extinguished and an appeal may be taken only by leave of court in compliance with App. R. 5(A). App. R. 5(A) states, in relevant part:
 {¶ 26} "(1) After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:
 {¶ 27} "(a) Criminal proceedings;
 {¶ 28} "(b) Delinquency proceedings; and
 {¶ 29} "(c) Serious youthful offender proceedings.
 {¶ 30} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right."
 {¶ 31} In the case at bar, appellant did not seek leave to appeal. However, even if appellant had sought leave to appeal the outcome would not change.
 {¶ 32} A review of the record indicates that no objection challenging the constitutionality of R.C. 2152.13 appears affirmatively on the record.
 {¶ 33} "The general rule is that `an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' State v. Childs (1968), 14 Ohio St.2d 56
[43 O.O.2d 119], 236 N.E.2d 545, paragraph three of the syllabus; State v.Glaros (1960), 170 Ohio St. 471 [11 O.O.2d 215], 166 N.E.2d 379, paragraph one of the syllabus; State v. Lancaster (1971),25 Ohio St.2d 83 [54 O.O.2d 222], 267 N.E.2d 291, paragraph one of the syllabus;State v. Williams (1977), 51 Ohio St.2d 112, 117 [5 O.O.3d 98],364 N.E.2d 1364. Likewise, `[c]onstitutional rights may be lost as finally as any others by a failure to assert them at the proper time.' State v.Childs, supra, 14 Ohio St.2d at 62 [43 O.O.2d 119], 236 N.E.2d 545, citing State v. Davis (1964), 1 Ohio St.2d 28 [30 O.O.2d 1 6],203 N.E.2d 357; State, ex rel. Specht, v. Bd. of Edn. (1981),66 Ohio St.2d 178, 182 [20 O.O.3d 191], 420 N.E.2d 1004, citing Clarington v.Althar (1930), 122 Ohio St. 608, 174 N.E. 251, and Toledo v. Gfell
(1958), 107 Ohio App. 93, 95 [7 O.O.2d 437], 156 N.E.2d 752. [Footnote omitted.] Accordingly, the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court. See State v.Woodards (1966), 6 Ohio St.2d 14 [35 O.O.2d 8], 215 N.E.2d 568. This rule applies both to appellant's claim that the statute is unconstitutionally vague on its face and to his claim that the trial court interpreted the statute in such a way as to render the statute unconstitutionally vague. Both claims were apparent but yet not made at the trial court level." State v. 1981 Dodge Ram Van (1988),36 Ohio St.3d 168, 170, 522 N.E.2d 524.
 {¶ 34} We further note that appellant entered pleas and admissions to the charges with the advice of counsel. In exchange for the pleas the State reduced Count one of the indictment from a felony of the first degree to a felony of the third degree and dismissed Count three of the Indictment, complicity to felonious assault, a felony of the second degree, and dismissed Count four of the Indictment, possession of criminal tools, a felony of the fifth degree. (Judgment Entry filed January 31, 2003).
 {¶ 35} R.C. 2953.08(D), which was not excised by the Court's decision in State v. Foster, states: "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge".
 {¶ 36} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record."Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, citingState v. Skaggs (1978), 53 Ohio St.2d 162, 163. This requirement is set forth in App. R. 9(B), which provides, in pertinent part, as follows: "* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *." Further, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp at 199.
 {¶ 37} In the case sub judice, appellant did not meet his burden, under App. R. 9(B), and supply this Court with a transcript of the proceedings from his original plea and the original sentencing. If such transcript were unavailable other options were available to appellant in order to supply this Court with a transcript for purposes of review. Specifically, under App. R. 9(C), appellant could have submitted a narrative transcript of the proceedings, subject to objections from appellee and approval from the trial court. Also, under App. R. 9(D), the parties could have submitted an agreed statement of the case in lieu of the record. The record in this matter indicates appellant did not attempt to avail himself of either App. R. 9(C) or 9(D).
 {¶ 38} The parties do not dispute that appellant was advised of his right to a jury trial pursuant to R.C. 2152.13(C) (1). Appellant was further advised of the juvenile dispositional alternatives as well as the potential prison sentences and community control requirements for each charge. (Judgment Entry, filed January 31, 2003). Appellant was further advised prior to entering his plea concerning the allegations that appellant is a serious youthful offender subject to a serious youthful offender dispositional sentence. (Id. at 3). The trial court further found that appellant knowingly, intelligently and voluntarily waived his right to a jury trial. (Id. at 5-6). Prior to sentencing the court noted: "[w]hereupon the juvenile, Casey J. Gerkin, through his counsel, waived presentation of a report of facts or evidence, which waiver was accepted by the Court." (Id. at 6). The Court immediately proceeded to sentencing. Appellant did not object to the trial court's representation concerning either the juvenile or adult portions of his sentences. Although this case may not present a classic scenario of a case wherein the sentence was "recommended jointly by the defendant and the prosecution in the case" the record before us supports such a conclusion.
 {¶ 39} When the trial court asked appellant if he had any questions, appellant did not raise any concerns about his prison sentence. Similarly, appellant did not indicate that he wanted to appeal any particular issue. It is well-settled that a party may not argue that the party was prejudiced by error which the party induced the trial court to commit. State v. Lentz, Miami App. No. 01CA31, 2003-Ohio-911, at ¶ 12.
 {¶ 40} Under the circumstances of the case at bar, we find that the appellant agreed to the serious youthful offender dispositional sentence and waived his right to a jury trial on the charges contained in the indictment. He may not argue now that the trial court was obligated sua sponte to impanel a jury to make the requisite findings under R.C. 2152.13(D) (2) (a) (i).
 {¶ 41} As appellant failed to timely appeal the trial court's finding that he was a serious youthful offender, this court lacks jurisdiction to rule on the assignments of error presented by appellant. Accordingly, the instant appeal is dismissed for want of jurisdiction.
By Gwin, P.J., Farmer, J., and Boggins, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the instant appeal is dismissed for want of jurisdiction. Costs to appellant.