[Cite as *State v. Clair*, 2013-Ohio-1630.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-00132 |
| ZACHARY A. CLAIR | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Alliance Municipal
                             Court, Case No.2012CRB577

JUDGMENT:                    Affirmed in part; Reversed in part and
                             Remanded

DATE OF JUDGMENT ENTRY:      April 22, 2013

APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

WILLIAM MORRIS                           BETH LIGGETT
Alliance City Prosecutor                 Stark County Public Defender
470 East Market                          200 West Tuscarawas St., Ste. 200
Alliance, OH 44601                       Canton, OH 44702

*Gwin, P.J.*

{¶1} Appellant Zachary Clair ("Clair"), appeals a decision of the Alliance Municipal Court, Stark County, Ohio classifying him as a Tier I sex offender after a no contest plea.

*Facts and Procedural History*

{¶2} In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See, *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty,* 4th Dist.No. 411, 1980 WL 350992 (Feb. 28, 1980), *citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. See, *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, *quoting Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16. Therefore, we have disregarded facts in both parties' brief that are outside of the record.

{¶3} The record transmitted to this court establishes the following facts.

{¶4} Clair was arrested on May 21, 2012, for one count of unlawful sexual conduct with a minor, a misdemeanor of the first degree in violation of R.C. 2907.04. The facts supporting the complaint were stated as follows,

TO WIT

Zachary A. Clair did knowingly engage in sexual conduct with another he knew was between the ages of 13 and 15. Clair did have sexual intercourse with a 15 year old female at his residence....Clair stated that he was aware of the juveniles age when he had sexual intercourse with her.

{¶5}   Complaint, filed April 10, 2012. A bill of particulars was filed by the state on June 6, 2012. The overt acts alleged were,

The defendant is alleged to have knowingly engaged in sexual conduct with a 15-year-old female...The defendant stated that he was aware of the juveniles [sic.] age when he had sexual intercourse with her.

{¶6}   On July 18, 2012, Clair entered a plea of no contest and was found guilty of one count of unlawful sexual conduct with a minor, a misdemeanor of the first degree. The court subsequently sentenced Clair to jail days, fines and costs, and labeled him a Tier I sex offender, ordering him to register as a sex offender for a period of fifteen years. The label as a Tier I sex offender and registration is the basis of this appeal.

*Assignments of Error*

{¶7}   Clair raises two assignments of error,

{¶8}   "I. THE TRIAL COURT VIOLATED APPELLANTS DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT WHEN IT REQUIRED HIM TO REGISTER AS A TIER I SEX OFFENDER. THIS SEX OFFENDER REGISTRATION REQUIREMENT WAS BASED UPON INSUFFICIENT EVIDENCE BECAUSE THE

STATE DID NOT PRESENT ANY EVIDENCE THAT THE ACT WAS NON-CONSENSUAL AS REQUIRED BY LAW.

{¶9} "II. THE TRIAL COURT VIOLATED APPELLANT'S SIXTH AMENDMENT RIGHT TO A JURY TRIAL ON THE ISSUE OF WHETHER THE SEXUAL CONDUCT WAS NON-CONSENSUAL. A JURY WAS REQUIRED TO FIND ANY FACT (LACK OF CONSENT) THAT INCREASED APPELLANT'S PUNISHMENT BEYOND WHAT WAS AUTHORIZED BY HIS PLEA."

I & II

{¶10} Clair's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

{¶11} In essence, Clair argues that he should not have been classified as a sex offender. Clair does not cite to any portion of the transcript where he objected to the trial court's classification. Because no objections were made during his plea or sentencing to the classification we must review his allegations of error under the plain error standard.

{¶12} In *State v. 1981 Dodge Ram Van*, 36 Ohio St.3d 168, 522 N.E.2d 524 (1988), the Supreme Court noted,

> The general rule is that 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' State v. Childs (1968), 14 Ohio St.2d 56 [236 N.E.2d 545] [43 O.O.2d 119], paragraph three of the syllabus; State v. Glaros (1960), 170 Ohio St. 471 [166 N.E.2d 379] [11 O.O.2d 215], paragraph one of the syllabus;

State v. Lancaster (1971), 25 Ohio St.2d 83 [267 N.E.2d 291] [54 O.O.2d 222], paragraph one of the syllabus; State v. Williams (1977), 51 Ohio St.2d 112, 117 [364 N.E.2d 1364] [5 O.O.3d 98]. Likewise, '[c]onstitutional rights may be lost as finally as any others by a failure to assert them at the proper time.' State v. Childs, supra, [14 Ohio St.2d], at 62 [236 N.E.2d 545], citing State v. Davis (1964), 1 Ohio St.2d 28 [203 N.E.2d 357] [30 O.O.2d 16]; State, ex rel. Specht, v. Bd. of Edn. (1981), 66 Ohio St.2d 178, 182 [420 N.E.2d 1004] [20 O.O.3d 191], citing Clarington v. Althar (1930), 122 Ohio St. 608 [174 N.E. 251], and Toledo v. Gfell (1958), 107 Ohio App. 93, 95 [156 N.E.2d 752] [7 O.O.2d 437]. [Footnote omitted.]"

36 Ohio St.3d 168, 170, 522 N.E.2d 524; *See also*, *State v. Chandler*, 157 Ohio App.3d 72, 813 N.E.2d 65, 2004-Ohio-3436 at ¶ 72; *State v. Hughett*, Delaware App. No. 04 CAA 06051, 2004-Ohio-6207 at ¶58.

**{¶13}** As the United States Supreme Court recently observed in *Puckett v. United States*, 526 U.S. 129, 129 S.Ct. 1423, 173 L.Ed.2d 266, (2009),

If an error is not properly preserved, appellate-court authority to remedy the error (by reversing the judgment, for example, or ordering a new trial) is strictly circumscribed. There is good reason for this; "anyone familiar with the work of courts understands that errors are a constant in the trial process, that most do not much matter, and that a reflexive inclination by appellate courts to reverse because of unpreserved error would be fatal." (Citation omitted).

**{¶14}** "[A]n appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus* (May 24, 2010), 560 U.S. __, 130 S.Ct. 2159, 176 L.Ed.2d 1012 (Internal quotation marks and citations omitted).

**{¶15}** The Ohio Supreme Court pertinently addressed when structural error analysis should be used in *State v. Perry,*

> We emphasize that both this court and the United States Supreme Court have cautioned against applying a structural-error analysis where, as here, the case would be otherwise governed by Crim.R. 52(B) because the defendant did not raise the error in the trial court. See *Hill*, 92 Ohio St.3d at 199, 749 N.E.2d 274; *Johnson*, 520 U.S. at 466, 117 S.Ct. 1544, 137 L.Ed.2d 718. This caution is born of sound policy. For to hold that an error is structural even when the defendant does not bring the error to the attention of the trial court would be to encourage defendants to remain silent at trial only later to raise the error on appeal where the conviction would be automatically reversed. We believe that our holdings should foster rather than thwart judicial economy by providing incentives (and not disincentives) for the defendant to raise all errors in the trial court-where, in many cases, such errors can be easily corrected.

101 Ohio St.3d 118, 802 N.E.2d 643, 2004-Ohio-297, ¶23.

{¶16} Thus, the defendant bears the burden of demonstrating that a plain error affected his substantial rights and, in addition that the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano* (1993), 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508; *State v. Perry,* 101 Ohio St.3d at 120, 802 N.E.2d 643. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240(2002); *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804(1978), paragraph three of the syllabus*; Perry,* supra, at 118, 802 N.E.2d at 646.

{¶17} Clair pled guilty to one count of unlawful sexual conduct with a minor, a violation of R.C. 2907.04(A), which states:

> No person who is eighteen years of age or older shall engage in sexual conduct with another who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.

{¶18} Violation of R.C. 2907.04 is generally a felony of the fourth degree; however, as in this case, unlawful sexual conduct with a minor is a misdemeanor of the first degree "[i]f the offender is less than four years older than the other person." R.C. 2907.04(B)(2).

{¶19} According to R.C. 2950.01(E)(1), a "Tier I sex offender" is a

> [a] sex offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to any of the following sexually oriented offenses:

* * *

(b) A violation of section 2907.04 of the Revised Code when the offender is less than four years older than the other person with whom the offender engaged in sexual conduct, *the other person did not consent to the sexual conduct,* and the offender previously has not been convicted of or pleaded guilty to a violation of section 2907.02, 2907.03, or 2907.04 of the Revised Code or a violation of former section 2907.12 of the Revised Code. (Emphasis added.)

**{¶20}** As evidenced by the plain language of R.C. 2950.01(E)(1)(b), a violation of R.C. 2907.04 requires Tier I sex offender classification if "*the other person did not consent to the sexual conduct.*" R.C. 2950.01, however, is silent as to whether a trial court must conduct a hearing to resolve the presence or lack of consent. *State v. Metzger,* 11th Dist. No. 2010-P-0077, 2011-Ohio-3749, ¶13.

**{¶21}** In this case, Clair pled guilty to a violation of R.C. 2907.04, yet there was no hearing on the issue of consent nor did the trial court make a finding as to consent. Clair argues that lack of consent is not an element of the offense to which he pled guilty and, therefore, he is not subject to the registration requirements under the law.

**{¶22}** In *Metzger*, the Court of Appeals for the Eleventh District noted,

Once appellee pled guilty, the trial court had an obligation to make a determination as to consent. Although lack of consent is not an element of the crime to which appellee pled guilty, R.C. 2950.01(E)(1)(b) exempts only those individuals that, inter alia, engaged in consensual sexual conduct. See, e.g., *Miller v. Florida* (Fla.App.2009), 17 So.3d 778, 781–

782 (finding that although the appellant entered a plea to a crime that did not contain an element addressing the issue of consent, the Adam Walsh Act "makes clear that only persons who have engaged in consensual conduct can be exempt from registering as sexual offenders," and, therefore, the trial court did not err in concluding that removal from the sex offender registry would conflict with federal law).

2011-Ohio-3749, ¶ 24.

**{¶23}** In every case cited by Clair, the defendant either requested an evidentiary hearing, or at the plea hearing objected to the sex offender classification. Accordingly, because Clair did not raise any claim by either motion or objection, the state was not placed on notice that it would be required to present evidence on any other issue at the sentencing hearing. *State v. Battistelli,* 9th Dist. No. 09CA009536, 2009-Ohio-4796, ¶3 (State suggested court hold hearing); *State v. Meade*, 12th Dist. No. CA2009-07-024, 2010-Ohio-2435, ¶ 3 ("At the plea hearing, the decedent objected to the sex offender classification"); *Metzger*, 2011-Ohio-3749, ¶3 ("At sentencing, the trial court denied appellant's motion to conduct an evidentiary hearing as to appellee's sexual offender classification under Ohio's Adam Walsh Act."); *State v. Harding*, 2nd Dist. No. 2012-CA-18, 2012-Ohio-4444, ¶5 ("Harding moved to be sentenced without a hearing.") In the case at bar, Clair did not specifically object nor did he specifically request a hearing on the issue of consent.

**{¶24}** Accordingly, the portion of the trial court's decision classifying Clair as a Tier I sex offender is reversed. The matter is remanded for the limited purpose of conducting a hearing to ascertain whether the sexual conduct or contact between Clair

and the victim was consensual. The answer to that question will dictate whether Clair's misdemeanor violation of R.C. 2907.04 qualified as a "sexually oriented offense" requiring him to register as a Tier I sex offender. We do not disturb Clair's conviction or the remainder of his sentence.

**{¶25}** Clair's first assignment of error is sustained.

**{¶26}** We find that Clair never requested a jury trial on the issue of consent in the trial court. Crim. R. 23(A).  Accordingly, he did not preserve that issue for appeal. In light of our disposition of Clair's first assignment of error, we find Clair's second assignment of error to be premature.

**{¶27}** Clair's second assignment of error is dismissed as premature.

**{¶28}** For the foregoing reasons, the portion of the trial court's decision classifying Clair as a Tier I sex offender is reversed, and this matter is remanded for proceedings in accordance with our opinion and the law.

By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER


_____
HON. PATRICIA A. DELANEY


WSG:clw 0320

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ZACHARY A. CLAIR | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012-CA-00132 |

For the reasons stated in our accompanying Memorandum-Opinion, the portion of the trial court's decision classifying Clair as a Tier I sex offender is reversed, and this matter is remanded for proceedings in accordance with our opinion and the law. Costs to appellee.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY